757 So.2d 601 (2000)
Mary GILLYARD, Appellant,
v.
DELTA HEALTH GROUP, INC. d/b/a Flagler Pines Nursing Home, Appellee.
No. 5D99-3563.
District Court of Appeal of Florida, Fifth District.
May 12, 2000.
*602 Gregory D. Snell of Rice Rose and Snell, P.A., Daytona Beach, for Appellant.
Herbert V. McMillan, III of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for Appellee.
COBB, J.
The appellant, Mary Gillyard, appeals from an order dismissing her complaint for failure to state a cause of action. The two count complaint sought to allege retaliatory discharge pursuant to section 448.102, Florida Statutes (1997) and intentional infliction of emotional distress. The trial judge entered the following order of dismissal:
This cause came on to be heard upon Defendant's Motion to Dismiss the complaint for failure to state a cause of action.
Plaintiff, Mary Gillyard, a Licensed Practical Nurse, a resident of Flagler County, Florida, was an employee of Defendant, Delta Health Group, Inc., d/b/a Flagler Pines Nursing Home, located in Flagler County.
On July 3rd, 1998, because of severe fires in Flagler County, Governor Lawton Chiles, Governor of Florida, and Flagler County issued mandatory evacuation orders for all of Flagler County.
Plaintiff was scheduled to work on July 3rd. She did not report to work. Defendant contacted Plaintiff and requested she work July 4th and 5th. Plaintiff did not report to work.
Plaintiff reported to work on July 6th and after working her shift she was summarily discharged.
In Count I Plaintiff alleges that she was terminated because of her refusal to report to work in Flagler County in violation of the mandatory orders of evacuation. Plaintiff argues that Section 448.102(3), F.S. shields an employee who has refused to participate in any activity, policy or practice of the employer which is in violation of a law, rule or regulation from retaliation.
Defendant's Motion to Dismiss alleges that the Governor's executive order requiring evacuation of Flagler County is not a law, rule or regulation as is defined in Section 448.101, F.S. and as used in Section 448.102, F.S.
In Count II Plaintiff sues for Intentional Infliction of Emotional Distress. Defendant's conduct, if the allegations are true, does not rise to the level of conduct "beyond the bounds of decency and utterly intolerable in a civilized society" and therefore, Count II fails to state a cause of action for intentional infliction of emotional distress. Eastern Airlines, Inc. v. King, 557 So.2d 574 (Fla.1990); State Farm Mutual Automobile Insurance Company v. Novotny, 657 So.2d 1210 (Fla. 5th DCA 1995); and McAlpin v. Sokolay, 596 So.2d 1266 (Fla. 5th DCA 1992).
Sections 448.101-448.105, F.S. is the Florida private sector Whistleblower's Act. The act limits the definition of private sector whistleblowing to three specific categories of action set forth in Sections 448.102(1), (2) and (3). The complaint attempts to allege a cause of action under Section 448.102(3). Plaintiff argues that Plaintiff's employment was terminated because Plaintiff refused *603 to participate in an activity, policy or practice of Defendant which was in violation of a law, rule or regulation. The mandatory evacuation order issued by the Governor on July 3rd had the force and effect of law, Section 252.36(b), F.S. Reporting to work in Flagler County, argues Plaintiff, would have been in violation of that "law."
Defendant's Motion to Dismiss raises the issuewhat constitutes a "law, rule or regulation"? Section 448.101(4) F.S. defines that phrase:
Law, rule or regulation includes any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business.
A governor's executive order is not a law, but it has the force and effect of law. It is issued pursuant to a State statute.
Neither party mentioned in their arguments, Flagler County's order of mandatory evacuation.
A copy of the executive order was not attached to the complaint nor furnished to the Court. However, the complaint alleges the order required mandatory evacuation of Flagler County. Working at the nursing home in Flagler County, after the effective date of the order, would be a literal violation of the order. There was no allegation that Plaintiff would have been subject to any penalties for violation of the order.
No reasonable interpretation of Section 448.102(3), F.S. would make the act of remaining in Flagler County to care for nursing home patients an activity, policy or practice of Defendant in violation of a law, rule or regulation. Abandoning nursing home patients would constitute violation of the criminal laws of this state. Any other construction of Section 448.102(3), F.S. on these facts would lead to an absurd result.
The Court finds that neither the Governor's executive order nor the Flagler County order requiring mandatory evacuation of Flagler County is a law, rule or regulation as defined in Section 448.101(4), F.S.
It does not appear that the Plaintiff would be able to plead a cause of action under the Whistleblower's Act or for Intentional Infliction of Mental Distress. It is therefore,
ORDERED
The complaint is dismissed with prejudice.
We agree with the order of the trial court and affirm.
AFFIRMED.
W. SHARP, and GRIFFIN, JJ., concur.