[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 19, 2004
THOMAS K. KAHN
CLERK

_____

No. 03-14183

_____

D. C. Docket No. 02-01169-CV-T-30-TBM

THREE PALMS POINTE, INC.,
individually and on behalf of its members,

Plaintiff-Appellee,

versus

STATE FARM FIRE & CASUALTY CO.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 19, 2004)**

Before BLACK, BARKETT and STAHL[*], Circuit Judges.

PER CURIAM:

_____

[*] Honorable Norman H. Stahl, United States Circuit Judge for the First Circuit, sitting by designation.

State Farm Fire and Casualty Company (State Farm) appeals the district court's ruling on summary judgment that Three Palms Pointe, Inc., a condominium association, is entitled to recover insurance proceeds for the cost of relocating residents while the condominium property is undergoing structural repairs. We affirm.

We review de novo a district court's grant of summary judgment, applying the same legal standards as the district court. *Whatley v. CNA Ins. Cos.*, 189 F.3d 1310, 1313 (11th Cir. 1999). Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate only if there are no genuine issues of material fact. The trier of fact must view all evidence and make all reasonable inferences in favor of the non-moving party. *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). In a diversity action such as this, we apply the substantive standards of state (here Florida) law. *Erie R.R. Co v. Tompkins*, 58 S. Ct. 817, 823 (1938). In applying state law, we "must decide the case the way it appears the state's highest court would." *Ernie Haire Ford, Inc. v. Ford Motor Co.*, 260 F.3d 1285, 1290 (11th Cir. 2001) (internal quotation marks omitted).

State Farm issued an insurance policy to Three Palms Pointe to cover two of the latter's buildings located in St. Petersburg Beach, Florida. The balconies and walls of the buildings were damaged by long-term exposure to nearby seawater,

and Three Palms Pointe submitted a loss claim for the "collapse" of the property. Though the buildings never actually collapsed, State Farm agreed with Three Palms Pointe that the "hidden decay" of the buildings constituted an "accidental direct physical loss" of the property in accordance with the terms of the insurance policy. In addition to covering such "accidental direct physical loss," the policy covered "the cost of replacing or repairing" the buildings.

The parties disagreed as to the amount of the loss and the costs covered by the policy. Three Palms Pointe elected to enforce the appraisal provision of the policy, under which the parties would nominate a pair of appraisers whose determination of the disputed issues would bind both insurer and insured. The appraisers awarded Three Palms Pointe $11,300,000 for the loss, a value that included $700,000 to relocate the unit contents of both buildings and $560,000 to relocate the unit residents while repairs were being made. The award specifically found both relocation costs to be a "necessary and direct result of the construction and repair process." State Farm, however, refused to pay the cost of relocating the residents, claiming that such an expense was not covered by the policy it issued. Three Palms Pointe brought suit to enforce payment, and the district court found that it was bound under Florida law to respect the binding nature of the appraisal award, from which State Farm appeals.

Central to our analysis is the fact that an appraisal occurred.[1] In *State Farm Fire & Casualty Co. v. Licea*, 685 So. 2d 1285 (Fla. 1996), the Florida Supreme Court held that if an insurer and an insured party go to appraisal, the insurer can only dispute coverage for the "loss as a whole." *Id.* at 1288.

At issue in *Licea* was the validity of an appraisal provision that allowed the insurer to retain its rights to deny the claim even after an appraisal award had been made. *Id.* at 1286. (This is the standard form of insurance contract appraisal provisions and features in the State Farm policy here.) The Florida Supreme Court held that the appraisal clause was valid despite the unilateral nature of the retained rights clause, but only to the extent that the clause allowed the insurer to dispute coverage for the claim as a whole, and not anything less. *Id.* at 1288. In short, once an award has been made, the only defenses that remain for the insurer to assert are lack of coverage for the entire claim, or violation of one of the standard policy conditions (fraud, lack of notice, failure to cooperate, etc.)—none of which are at issue here. *Id.*

In this case, State Farm seeks to challenge coverage with respect to *part* of the appraisal award—i.e., the portion of it that deals with covering the costs of temporarily relocating the persons affected. *Licea*, however, specifically

---

[1] We reject State Farm's contention that *Azalea v. Am. States Ins. Co.*, 656 So. 2d 600 (Fla. 1st DCA 1995), should control, as that case did not involve an appraisal.

establishes that this is not permitted.  *Id.*  Accordingly, we conclude State Farm's appeal fails and affirm the result reached by the district court.[2]

Given that an appraisal occurred, we hold State Farm may not seek to challenge coverage with respect to part of the award on appeal.

AFFIRMED.

---

[2] We need not and do not reach the coverage issue.