890 So.2d 539 (2005)
LIBERTY AMERICAN INSURANCE, COMPANY, Petitioner,
v.
Jonathan E. KENNEDY and Kathleen A. Kennedy, Respondents.
No. 2D04-2637.
District Court of Appeal of Florida, Second District.
January 12, 2005.
*540 Reginald P. Morris Jr. and David J. Salmon of Groelle & Salmon, P.A., Tampa, for Petitioner.
Douglas L. Grose of Douglas L. Grose, P.A., Tampa, and Michael Terrana of Terrana Perez & Salgado, Tampa, for Respondents.
CANADY, Judge.
Liberty American Insurance Company filed a petition for writ of certiorari, seeking review of a circuit court order denying its motion to delineate the scope of appraisal in an underlying breach of contract action brought by Jonathan E. Kennedy and Kathleen A. Kennedy, Liberty American's insureds. We conclude that because any error in the trial court's interlocutory order can be corrected by way of postjudgment appeal this court does not have jurisdiction. Accordingly, we dismiss the petition.
The home, which is covered by a homeowner's insurance policy issued by Liberty American, sustained sinkhole damage. The Kennedys and Liberty American could not agree on the remediation necessary and therefore the cost of remediation. The Kennedys filed a breach of contract complaint against Liberty American alleging that Liberty American owed the Kennedys the amount needed to ensure the proper repair and/or replacement of the dwelling. Liberty American filed a motion to delineate the scope of appraisal, contending that the Kennedys were seeking damages for repair expenses that had not yet been incurred by the Kennedys and were therefore not covered by the policy. The trial court denied the motion to delineate the scope of appraisal.
In order to obtain certiorari relief from an erroneous interlocutory order, a petitioner must establish (1) a departure from the essential requirements of law (2) resulting in a material injury (3) that cannot *541 be corrected on postjudgment appeal. Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 648 (Fla. 2d DCA 1995). Before a court can consider whether the order departs from the essential requirements of law, it must first determine if it has certiorari jurisdiction by considering whether the order results in material injury irreparable on postjudgment appeal. Id. at 649. In the absence of such irreparable injury, jurisdiction for certiorari review is lacking. Id.
The only authority cited by Liberty American in support of the jurisdictional basis for filing this petition is Three Palms Pointe, Inc. v. State Farm Fire & Casualty Co., 362 F.3d 1317 (11th Cir.2004). Liberty American argues that Three Palms Pointe, Inc., prevents Liberty American from challenging, after entry of a final judgment, an appraisal award as not being covered under the policy. In Three Palms Pointe, Inc., the Eleventh Circuit interpreted the Florida Supreme Court's opinion in State Farm Fire & Casualty v. Licea, 685 So.2d 1285 (Fla.1996), to hold that once the matter has been submitted to appraisal, the insurer can only dispute coverage for the claim as a whole and not anything less.
We conclude, however, that the court in Three Palms Pointe, Inc. misinterpreted the holding of Licea. And, we are, of course, not bound by the Eleventh Circuit's decisions on questions of Florida law. See Int'l Assoc. of Bridgeworkers v. Blount Int'l, Ltd., 519 So.2d 1009, 1012 (Fla. 2d DCA 1987) (holding that state courts, in construing and interpreting state law, are not bound by the decisions of federal courts). The dispositive issue in Licea was whether an appraisal clause in a homeowner's policy was void for lack of mutuality because the policy also contained a provision that a request for an appraisal by the insurer did not waive any of the insurer's rights. The supreme court rejected the contention that there was a lack of mutuality and stated that under the policy's nonwaiver provision the insurer "retain[ed] only the right to dispute the issues of coverage as to the whole loss, or whether the policy conditions have been violated." Licea, 685 So.2d at 1288.
The underlying rationale for the holding in Licea was that "`[a] challenge of coverage is exclusively a judicial question.'" Id. at 1287 (quoting Midwest Mut. Ins. Co. v. Santiesteban, 287 So.2d 665, 667 (Fla.1973)). Licea made clear that submission of a claim to appraisal does not foreclose an insurer's subsequent challenge on an issue of coverage: "If a court decides that coverage exists, the dollar value agreed upon under the appraisal process will be binding upon both parties." 685 So.2d at 1287-88 (emphasis added). The court recognized that "coverage questions are outside the scope of ... appraisal proceedings" and established that there is a dichotomy between the issue of coverage and the issue of valuation of a covered loss. Id. at 1287. A coverage issue may exist, of course, even where the insurer has not denied the claim as a whole. The issue of coverage is not necessarily a matter of all or nothing. The court in Licea did not consider the specific circumstance where the scope of coverage is disputed. The reference in Licea to an insured's right to "dispute the issues of coverage as to the whole loss" was not necessary to the court's holding that there was no lack of mutuality. To the extent that the reference to "whole loss" can be understood to limit an insured's right to dispute the scope of coverage where a claim has been submitted to appraisal, it is dictum.
Based on the controlling principles articulated in Licea, we conclude that in the underlying action here the submission of the claim to appraisal does not foreclose *542 Liberty American from challenging an element of loss as not being covered by the policy. Only if a court determines that coverage exists for that element of loss will the amount of appraisal for that element of loss be binding on Liberty American. See id. at 1287-88.
Because we conclude that Liberty American is not precluded from disputing the scope of coverage under its policy and challenging an element of loss that may be awarded by a final judgment in the future, any harm to Liberty American is reparable on postjudgment appeal. This court therefore lacks certiorari jurisdiction.
Petition dismissed.
DAVIS and SILBERMAN, JJ., Concur.