**Karen WHITE, Plaintiff,**

v.

**PURDUE PHARMA, INC., Defendant.**

**No. 8:03 CV 1799 T 26TGW.**

United States District Court,
M.D. Florida,
Tampa Division.

Jan. 26, 2005.

Robert F. McKee, Kelly & McKee, P.A., Tampa, FL, for Plaintiff.

Patricia E. Lowry, Dori K. Stibolt, David I. Spector, Steel, Hector & Davis, West Palm Beach, FL, for Defendant.

## *ORDER*

SCRIVEN, United States Magistrate Judge.

This cause comes on for consideration upon the filing of Plaintiff's Memorandum of Law Regarding Plaintiff's Burden of Proof (Dkt. 99) and Purdue's Brief in Support of its Argument that Plaintiff Must Establish an Actual Violation of a Law, Rule or Regulation, In Order to Establish Her Florida Private Whistleblower Act Prima Facie Case (Dkt. 100).

Plaintiff brought this cause of action pursuant to Florida's private sector Whistle–Blower Act (FWA), Fla. Stat. §§ 448.101 *et seq.* Specifically, Plaintiff claims that Defendant terminated her employment as a direct and proximate result of Plaintiff's objection and/or refusal to participate in Defendant's illegal activity, policy or practice(s) in direct violation of Fla. Stat. § 448.102(3).

By their respective memoranda, the parties seek clarification as to the burden of persuasion with respect to the FWA. Plaintiff argues that she is not required to prove at trial that Defendant actually engaged in an activity, policy or practice that was in violation of a law, rule or regulation but, rather, that she must only prove that she objected to or refused to participate in an activity, policy or practice of Defendant that she reasonably and in good faith believed was in violation of a law, rule or regulation. In support, Plaintiff argues that the reasonable belief standard applied in the Title VII context is applicable to claims brought under the FWA.

Defendant counters that, according to the plain language of Fla. Stat. § 448.102(3), Plaintiff must prove as part of her prima facie case that the activity, policy or practice that she objected to and/or refused to participate in was an actual violation of a law, rule or regulation.

This Court is bound to apply Florida law to resolve this dispute. *Three Palms Pointe, Inc. v. State Farm Fire & Cas. Co.,* 362 F.3d 1317, 1318 (11th Cir.2004)(citing *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 823, 82 L.Ed. 1188 (1938), and stating that the substantive standards of state law apply in a diversity case). The FWA is an exception to Florida's at-will employment doctrine. *Schultz v. Tampa Electric Co.,* 704 So.2d 605, 605 (Fla. 2d DCA 1997). Under existing precedent, in order to establish a prima facie case of retaliation under the FWA, Plaintiff must prove that (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) the adverse employment action was causally linked to the statutorily protected activity. *See Sierminski v. Transouth Fin. Corp.,* 216 F.3d 945, 950 (11th Cir.2000)(citing *Olmsted v. Taco Bell,* 141 F.3d 1457, 1460 (11th Cir. 1998)); *Rice–Lamar v. City of Ft. Lauderdale,* 853 So.2d 1125, 1132 (Fla. 4th DCA 2003)(applying the Title VII burden shifting analysis to a claim brought under Florida's public Whistle–Blower Act); *Taylor v. Memorial Health Systems, Inc.,* 770 So.2d 752, 754 (Fla. 5th DCA 2000)(putting forth the elements required for a claim brought under Fla. Stat. § 448.102(1)); *Golf Channel v. Jenkins,* 752 So.2d 561, 568 (Fla.2000)(finding the written notice requirement inapplicable to claims brought pursuant to Fla. Stat. § 448.102(2) and (3)). Only upon such showing does the burden shift to the defendant to put forth

a legitimate reason for the adverse employment action. *Sierminski*, 216 F.3d at 950.

■ With respect to the first prong, that Plaintiff was engaged in a statutorily protected activity, Fla. Stat. § 448.102(3) provides that an employer may not take any retaliatory action against an employee because the employee has:

> Objected to, or refused to participate in, any activity, policy, or practice of the employer which *is* in violation of a law, rule, or regulation. (emphasis added).

Construing this provision, this Court looks first to the plain language of the statute to determine its scope. *Sinclair v. De Jay Corp.*, 170 F.3d 1045, 1046–47 (11th Cir. 1999). Here, the plain language of Fla. Stat. § 448.102(3) states that a Plaintiff, in order to prevail under a Florida Whistle–Blower action for objecting or refusing to participate in an activity, policy or practice of the employer, must prove that the activity, policy or practice objected to *is,* in fact, in violation of a law, rule or regulation. As the provided emphasis on the word "is" makes clear, no qualification was provided to permit shelter for the employee who reasonably believes she is being asked to engage in illegal activity. Had the legislature intended such protection, the legislature could have included such language in the statute as it has shown itself capable in the past. For example, the legislature included in Florida's public Whistle–Blower Act language that an agency or independent contractor may not take adverse personnel action against an employee for disclosing information regarding "[a]ny violation *or suspected violation* of any federal, state or local law, rule, or regulation." *See* Fla. Stat. § 112.3187 (emphasis added).

Plaintiff's argument that a Title VII analysis supplies such precedent is unpersuasive. Plaintiff cites to *Padron v. Bell-South Telecommunications, Inc.,* 196 F.Supp.2d 1250, 1255 (S.D.Fla.2002) in which the court stated that, "[s]tatutorily protected participation is established if Plaintiff can show that she opposed an unlawful employment practice which she reasonably believed had occurred." There, in addressing a case regarding the reporting of violations, not the refusal to participate in activity, the court summarily stated that "[t]here is no Florida case law on treatment of claims brought under this Act (FWA)," and, therefore, applied the analysis from Title VII cases. *Id.* (parenthetical added).

This Court declines to adopt the language in *Padron* for three reasons. First, contrary to the suggestion of *Padron,* Florida courts, including the Florida Supreme Court, have spoken on the standard of proof required under the FWA to establish that a plaintiff was engaged in statutorily protected activity. The Florida Supreme Court has stated that the private sector Whistle–Blower's Act prohibits private sector employers from retaliating against "employees who 'blow the whistle' on employers who *violate* the law or against employees who refuse to participate in *violations* of the law." *Arrow Air, Inc. v. Walsh,* 645 So.2d 422, 423 (Fla.1994)(emphasis added). Defendant has cited the Court to several Florida cases interpreting the scope of the "law, rule or regulation" requirement of the FWA. Florida courts, for example, have determined that an FCC policy against the intentional falsification of the news did not qualify as a "law, rule or regulation" and, thus, a termination for threatening to disclose such news falsification could not be redressed under the FWA. *New World Communications of Tampa, Inc. v. Akre,* 866 So.2d 1231, 1233 (Fla. 2d DCA 2004). A Florida court similarly has concluded that an injunction did not qualify as a "law, rule, or regulation" and, thus, a termination resulting from a report of an injunction violation did not merit FWA protec-

tion. *Tyson v. Viacom, Inc.*, 760 So.2d 276, 277 (Fla. 4th DCA 2000). The Fifth Circuit Court of Appeals has likewise held that a plaintiff could not sustain an FWA claim for termination after refusing to work in violation of an executive order requiring evacuation, as such order did not qualify as a "law, rule or regulation." *Gillyard v. Delta Health Group, Inc.*, 757 So.2d 601, 603 (Fla. 5th DCA 2000).

Though none of the cited cases addressed directly the question of whether a cause of action could be sustained on the ground that an employee had a reasonable basis to believe that a violation had occurred, the question is implicitly answered in each instance. Obviously, each of the plaintiffs "believed" that their employers were engaged in activity that violated a law, rule or regulation, hence their assertion of a claim under the FWA in the first instance. Their claims were dismissed, nevertheless, because the courts concluded that their good faith beliefs were in error in that the reported activity of the employers did not violate any "law, rule or regulation" as interpreted by the Courts and required by the Act. Here, Plaintiff has alleged several federal and state statutes that she claims Defendant violated or that she reasonably believed Defendant violated. In order to prevail at trial, Plaintiff must show that Defendant actually engaged in activities that violated those laws, rules or regulations or that she refused to participate in activities that would have violated a law, rule or regulation as defined under Florida law.

Second, the *Padron* court's citation to the "reasonable belief" language was lifted from a Title VII case which, for purposes of defining statutorily protected conduct, has no application here. 196 F.Supp.2d at 1255 (citing *Wu v. Thomas*, 863 F.2d 1543, 1549 (11th Cir.1989)). Here, Plaintiff has brought her claim exclusively under the FWA. Plaintiff is correct that the Eleventh Circuit has held that the *McDonnell Douglas* burden shifting analysis under Title VII applies to claims brought under the FWA. *See e.g. Sierminski*, 216 F.3d at 950 (finding that the burden shifting analysis utilized in retaliation cases brought under Title VII is applicable to cases brought under the FWA). Application of the Title VII burden shifting analysis, however, does not alter the fact that this Court must apply the plain language of the FWA, along with Florida case law interpreting that statute, when determining what constitutes participation in statutorily protected activity, before any burden shifting occurs under a Title VII type analysis.

Third, requiring that a plaintiff prove an actual violation of a law, rule or regulation in order to prevail under the FWA promotes the policies of the Act while adequately protecting the legitimate interests of private employers. In contrast to Title VII, which specifically defines the type of conduct that can subject an employer to a lawsuit, the FWA encompasses a wide array of illegal conduct. To expand the statutory language of the FWA further to provide protection for every employee's reasonable belief would be to run afoul of the plain language of the statute and to expand beyond recognition this limited rule which simply allows employees to shed light on their employer's conduct, which is in violation of a law, rule or regulation, without fear of retaliation. Allowing for the expanded reading of the statute Plaintiff proposes would place an onerous burden on the employer to anticipate all of its conduct that an employee may reasonably believe is proscribed by a law, rule or regulation. Even if the employer knows the conduct is perfectly legitimate, it would be left with the Hobson's choice of terminating the employee and defending suit against the employee's reasonable belief or allow the employee to refuse to meet the requirements of the job with no consequence. In apparent recog-

nition of this dilemma the legislature declined to include in the relevant section of the Act this protection for employees.

Plaintiff argues in the alternative that "[c]ourts should construe the FWA to include conduct that is against public policy, even if it does not come under the literal terms of the statute." (Dkt.99). Florida courts, however, have already ruled otherwise. In *Forrester v. Phipps, Inc.*, 643 So.2d 1109, 1111–12 (Fla. 1st DCA 1994), the court refused to find that public policy issues fell within the definition of a "law, rule, or regulation" and summarily dismissed the plaintiff's complaint.

Accordingly, in light of the above analysis, it is **ORDERED** that Plaintiff will have to prove as part of her prima facie case at trial that she objected to or refused to participate in an activity, policy, or practice of Defendant which was, in fact, in violation of a law, rule, or regulation or which would have constituted a violation of a law, rule or regulation had Plaintiff participated.