HAWKES, C.J.
In this Title VII anti-retaliation case, the circuit court granted summary judgment, holding Appellant’s status as a volunteer disqualified her from raising a Title VII claim and that she would be unable to establish that material adverse action had been taken against her. We reverse, finding Appellant’s status as a former employee qualifies her for Title VII protection from her former employer’s allegedly retaliatory postemployment actions.
Facts
Martha Gates (Appellant) was a schoolteacher in the Gadsden County School District. In 2004, she filed a Title VII discrimination suit against the Gadsden County School Board (the School Board) and resigned from her teaching position. Despite her resignation, Appellant continued to participate in a volunteer mentoring program within the Gadsden County School District. Six months after her resignation, the School Board prohibited her from continuing as a volunteer. As a result, she initiated the underlying action, claiming the School Board violated the “anti-retaliation arm of Title VII” by taking “adverse action” against her.
Prior to trial, the circuit court entered summary judgment in favor of the School Board. In granting summary judgment, the circuit court found (1) As a volunteer, Appellant could not maintain a claim under the Title VII anti-retaliation provision; and (2) Appellant was unable to demonstrate the School Board took “materially adverse employment action” against her.
We reverse. As to the first point, the circuit court was correct in finding volunteers do not qualify for protection under Title VII. However, Appellant is a former employee, and former employees enjoy Title VII protections where they can establish the requisite elements of a claim. Therefore, her volunteer status is irrelevant to this point. As to the second point, we find Appellant met the very low burden to survive summary judgment by demonstrating a dispute of material fact regarding whether the School Board took “materially adverse employment action” against her.[1] We write only to address the first point.
Title VII
The anti-retaliation provision contained in Title VII of the United States Code provides, in pertinent part:
*41 [i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment ... because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII].
42 U.S.C. § 2000e-3 (2008).
To prevail in a Title VII anti-retaliation action, an employee must demonstrate: “(1) he engaged in a statutorily protected activity, (2) he suffered a materially adverse employment action; and (3) there is a causal connection between the two events.” Donovan v. Broward County Bd. of Com’rs, 974 So.2d 458 (Fla. 4th DCA 2008); see also Burlington Northern & Santa Fe Ry. Co. v. White, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006).
Appellant, as a former employee, qualifies for Title VII protection.
Although the term “employee” is defined in Title VII as “an individual employed by an employer ...the United States Supreme Court has expressly extended Title VII protection from adverse retaliatory action to former employees. See 42 U.S.C. § 2000e(f) (2008); see also Robinson v. Shell Oil Co., 519 U.S. 337, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997) (holding that because the term “employees,” as used in Title VII, includes former employees, a former employee may sue a former employer for “allegedly retaliatory postemployment actions”).
Here, it is not Appellant’s status as a volunteer that makes her eligible for Title VII protection; it is her status as a former employee. The School Board cites a myriad of case law from foreign state and Federal courts indicating a volunteer should not be considered an employee for Title VII purposes.[2] These cases are distinguishable from Appellant’s case in that none of the plaintiffs therein were former employees when they were allegedly retaliated against. Although sueh cases make evident a volunteer is not the equivalent of an employee for Title VII purposes, they fail to address Robinson, which clearly indicates a former employee is entitled to bring suit against a former employer for allegedly retaliatory postemployment actions. See 519 U.S. 337, 117 S.Ct. 843, 136 L.Ed.2d 808.
It is undisputed that Appellant was not a Gadsden County School District employee when the School Board informed her she could no longer participate in the district’s mentoring program; however, it is also undisputed that Appellant had been employed by the School District for nearly thirty years before the alleged retaliation (which occurred six months after she ten *42 dered her resignation). Because Appellant is a former employee who allegedly suffered adverse, retaliatory action as a result of her filing a Title VII claim against her former employer, she is entitled to seek protection pursuant to the Title VII anti-retaliatory provision. Accordingly, the trial court erred in determining Appellant could not, as a matter of law, maintain a Title VII anti-retaliation claim.
We reverse the summary judgment and remand for further proceedings consistent with this opinion.
REVERSED.
ROBERTS, and CLARK, JJ., concur.

. See Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 54, 126 S.Ct. 2405, 165 L.Ed.2d 345 (U.S.2006); and see Crawford v. Carroll, 529 F.3d 961, 974 (11th Cir.2008) (holding “Burlington also strongly suggests that it is for a jury to decide whether anything more than the most petty and trivial actions against an employee should be considered 'materially adverse' to [him/her] and thus constitute an adverse employment action”).

. See e.g., Xie v. Univ. of Utah, 243 Fed.Appx. 367 (10th Cir.2007) (holding a research associate who received no salary or benefits was not an employee and, therefore, not entitled to relief under Title VII); Jacob-Mua v. Venetian, 289 F.3d 517, 521 (8th Cir.2002) (upholding dismissal of volunteer's Title VII retaliation claim "because, as a non-employee, she did not have standing to bring a retaliation claim under Title VII"); York v. Ass’n of the Bar of the City of New York, 286 F.3d 122 (2nd Cir.2002) (holding an attorney serving a bar association in an unpaid, volunteer capacity did not have a viable cause of action under Title VII); Llampallas v. Mini-Circuits, Inc., 163 F.3d 1236, 1243 (11th Cir.1998) (holding Congress "meant to limit the pool of potential plaintiffs under Title VII; otherwise, any person could sue an 'employer’ under the statute regardless of whether she actually had an employment relationship with that employer."); Pinchas v. USA Deaf Sports Federation, Inc., 457 F.Supp.2d 937 (D.S.D.2006) (holding “[t]he existence of an employer-employee relationship is essential to a Title VII cause of action”).