# Supreme Court of Florida

_____

No. SC17-1136

_____

**IN RE:  STANDARD JURY INSTRUCTIONS IN CIVIL CASES—REPORT NO. 17-04.**

[November 22, 2017]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Civil Cases (Committee) has submitted proposed changes to the standard jury instructions and asks that the Court authorize the amended standard instructions for publication and use.  We have jurisdiction.  See art. V, § 2(a), Fla. Const.

The Committee proposes amendments to instructions 403.17 (Burden of Proof on Main Claim); 408.2 (Summary of Claims or Contentions); 409.10 (Burden of Proof on Main Claim); 415.4 (Retaliation; Adverse Employment Action); 415.5 (Protected Activity); 415.10 (Issues on Plaintiff's Claim); 415.12 (Unlawful Retaliation Damages); and Model Verdict Form 4.  The Committee's proposals were published in The Florida Bar News and no comments were

received that addressed the Committee's proposals, which are technical in nature, straightforward, and non-controversial.

Having considered the Committee's report, we authorize the amended instructions and model verdict form, as set forth in the appendix to this opinion, for publication and use. New language is indicated by underlining, and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions and verdict form, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall become effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Civil Cases

Rebecca Mercier Vargas, Chair, Supreme Court Committee on Standard Jury

Instructions in Civil Cases, West Palm Beach, Florida; and Laura K. Whitmore, Vice Chair and Subcommittee Chair, Filing Subcommittee of the Supreme Court Committee on Standard Jury Instructions in Civil Cases, Tampa, Florida,

for Petitioner

# APPENDIX

## 403.17  BURDEN OF PROOF ON MAIN CLAIM

**If the greater weight of the evidence does not support [one or more of]** (claimant's) **claim[s], your verdict should be for** (defendant(s)) **[on [that] [those] claim(s)].**

**[However, if the greater weight of the evidence supports [one or more of]** (claimant's) **claim[s], then your verdict should be for** (claimant) **and against** (defendant) **[on [that] [those] claim(s)].]**

**[However, if the greater weight of the evidence supports** (claimant's) **claim against one or [both] [more] of the defendants, then you should decide and write on the verdict form the percentage of the total fault of [both] [all] defendants that was caused by each of them.].**

NOTE ON USE FOR 403.17

Use the first paragraph in all cases. If there is an affirmative defense to the claim, do not use either of the bracketed paragraphs; instead turn to instruction 403.18. If there is no affirmative defense, use the first or second bracketed paragraph depending on whether there is one defendant or more than one.

## 408.2  SUMMARY OF CLAIMS OR CONTENTIONS

**The claims [and defenses] in this case are as follows.** (Claimant) **claims that** (defendant) **intentionally interfered with** (claimant's) **[contract] [or] [business relations] with** (name) **which caused harm to** (claimant)**.**

(Defendant) **denies that claim [and also claims that** (describe any affirmative defenses)**].**

**The parties must prove all claims [and defenses] by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.**

# 409.10  BURDEN OF PROOF ON MAIN CLAIM

**If the greater weight of the evidence does not support [one or more of]** (claimant's) **claim[s], your verdict should be for** (defendant) **[on [that] [those] claim[s]].**

**[However, if the greater weight of the evidence supports [one or more of]** (claimant's) **claim[s], then your verdict should be for** (claimant) **and against** (defendant) **[on [that] [those] claim[s]].]**

## NOTE ON USE FOR 409.10

Use the second paragraph if there are no defense issues. If there are defense issues, omit the second paragraph and go to instruction 409.11.

# 415.4  RETALIATION; ADVERSE EMPLOYMENT ACTION

**Retaliation means [discharging] [or] [demoting] [or] [suspending] [or] [taking certain adverse employment action against] an employee because the employee engaged in [a] protected activit[y] [ies].]**

**[An adverse employment action is retaliation if it affects the terms and conditions of employment and would discourage a reasonable employee in [(claimant's)] position from engaging in [a] [protected activit[y] [ies].]**

## NOTES ON USE FOR 415.4

1. The definitions of retaliation and adverse employment action are derived from *F.S.* 448.101(5) and case law. *Donovan v. Broward Cnty. Bd. of Comm'rs*, 974 So.2d 458, 460 (Fla. 4th DCA 2008) (adverse employment action is action which would discourage reasonable employee from making or supporting charge of discrimination).

2. Use the second paragraph of this instruction when plaintiff claims that the defendant imposed an adverse employment action other than or in addition to discharge, suspension or demotion.

## 415.5  PROTECTED ACTIVITY

**Protected activity is:**

**[disclosing] [or] [threatening to disclose] to** (appropriate governmental agency)**, under oath, in writing, an activity, policy or practice of** (defendant) **that violated** (describe law, rule or regulation)**] [or]**

**[providing information to] [or] [testifying before]** (appropriate governmental agency, person or entity)**, which was conducting an [investigation,] [hearing] [or] [inquiry] into an alleged violation of** (describe law, rule or regulation) **by** (defendant)**] [or]**

**[objecting to ~~(defendant's)~~**(defendant's) **activity, policy, or practice that violated** (describe law, rule, or regulation)**] [or] [refusing to participate in** (defendant's) **activity, policy or practice that violated (describe law, rule, or regulation)] [or] [would have violated]** (describe law, rule or regulation)**, had** (plaintiff) **participated~~.~~].**

NOTES ON USE FOR 415.5

1.      The bracketed language is derived from *F.S.* 448.102(1), (2) and (3).

2.      As to whether, under *F.S.* 448.102(3), a claimant must prove an actual violation of law as opposed to a reasonable, good faith belief that a violation of law has occurred, all three federal district courts sitting in Florida have held that the plaintiff must prove an actual violation of law.  *See*, *e.g.*, *Paulet v. Farlie, Turner & Co.*, LLC, 2010 WL 2232662, at *2 (S.D. Fla. June 2, 2010); *Smith v. Psychiatric Solutions, Inc.*, 2009 WL 903624, at *7 (N.D. Fla. Mar. 31, 2009); *White v. Purdue Pharma, Inc.*, 369 F. Supp. 2d 1335, 1336 (M.D. Fla. 2005); *but see Padron v. BellSouth Telecomms., Inc.*, 196 F. Supp. 2d 1250, 1255 (S.D. Fla. 2002) (in dicta, court noted that plaintiff's reasonable belief that violation of law occurred is sufficient).

## 415.10  ISSUES ON PLAINTIFF'S CLAIM

**The law prohibits an employer from retaliating against an employee for engaging in protected activity.**

**The [next] issue(s) you must decide on the claim of** (claimant) **against** (defendant) **are whether** (defendant) **retaliated against** (claimant) **by [discharging] [suspending] [demoting] [him] [her] [or] [**(describe adverse employment action)**] because** (claimant) **engaged in protected activity and, if so, whether the [discharge] [suspension] [demotion] [or~~] [(describe adverse~~ ~~employment action)]~~** [(describe adverse employment action)]** was a legal cause of [loss] [injury] or [damage] to** (claimant)**.**

NOTE ON USE FOR 415.10

If there are issues concerning vicarious liability that require a preemptive instruction or jury resolution, see (and modify, as necessary) instructions 401.13, 401.14, and 401.17.

## 415.12 UNLAWFUL RETALIATION DAMAGES

**If you find for** (defendant)**, you will not consider the matter of damages. But if you find for** (claimant)**, you should award** (claimant) **an amount of money that the greater weight of the evidence shows will fairly and adequately compensate [him] [her] for such damage, including any such damage as** (claimant) **is reasonably certain to incur in the future. You shall consider the following elements:**

**[any] [the difference between] lost wages and benefits to the date of trial [and what** (claimant) **earned during that time].**

**[any wages and benefits to be lost in the future.]**

(other compensatory damages allowable at law.)

**[any emotional pain and mental anguish experienced in the past or to be experienced in the future. There is no exact standard for measuring such damages. The amount should be fair and just in the light of the evidence.]**

NOTES ON USE FOR 415.12

1.      As to whether future lost wages, (*i.e.*, "front pay") are awardable in a jury trial pursuant to *F.S.* 448.103(2), see *U.S. E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 619 (11th Cir. 2000) (front pay is equitable remedy in Title VII case and is

not decided by jury); *O'Neal v. Fla. A&M Univ.*, 989 So.2d 6 (Fla. 1st DCA 2008) (under Florida's Whistle-blower Act, front pay is equitable relief).

2.  As to whether emotional damages are awardable in a jury trial pursuant to *F.S.* 448.103(2), see *McIntyre v. Delhaize America, Inc.*, 2009 WL 161708 (M.D. Fla. January 22, 2009) and *Wood v. Cellco P'ship.*, 2007 WL 917300 (M.D. Fla. March 23, 2007) (damages for emotional distress recoverable in whistle-blower action pursuant to *F.S.* 448.103); *Scott v. Otis Elevator Co.*, 572 So.2d 902 (Fla. 1990) (damages for emotional distress recoverable in retaliatory discharge action pursuant to provision of workers' compensation act, *F.S.* 440.205).

## FORM 4.  MODEL FORM OF VERDICT FOR STATUTE OF LIMITATIONS DEFENSE IN A MEDICAL NEGLIGENCE CASE

### VERDICT

**We, the Jury, return the following verdict:**

**1.  Was there negligence on the part of** (defendant) **which was a legal cause of [loss] [injury] [or] [damage] to** (claimant)**?**

**YES** _____  **NO** _____

**If your answer to question 1 is NO, your verdict is for** (defendant) **and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.**

**2.  Did** (claimant) **know, or by the use of reasonable care should [he] [she] have known, on or before** (date)**, that** (claimant or person for whose injury or death claim is made) **had sustained injury or damage and that there was a reasonable possibility that the injury or damage was caused by medical negligence?**

**YES** _____  **NO** _____

**If your answer to question 2 is YES, then your verdict is for** (defendant) **and you should not proceed further except to date and sign the verdict form**

**and return it to the courtroom. If your answer to question 2 is NO, please answer question 3.**

**3.** **Was there negligence on the part of** (claimant) **which was a legal cause of [his] [her] [loss] [injury] [or] [damage]?**

**YES _____          NO _____**

**If your answer to question 3 is YES, please answer question 4. If your answer to question 3 is NO, skip question 4 and proceed to question 5.**

**4.** **State the percentage of any negligence which was a legal cause of [loss] [injury] [or] [damage] to** (claimant) **that you charge to:**

(defendant)            **_____%**

(~~plaintiff~~claimant)       **_____%**

**Total must be 100%**

~~**Please answer question 5.**~~

**In determining the amount of damages, do not make any reduction because of the negligence, if any, of** (claimant) (decedent) **or the [negligence] [**(specify other type of conduct)**], if any, of** (identify additional person(s) or entit(y)(ies))**. If you find that** (claimant) (decedent) **or** (identify additional person(s) or entit(y)(ies)) **[was] [were] negligent [or at fault], the court in entering judgment will make an appropriate reduction in the damages awarded.**

**Please answer question 5.**

*Select the appropriate damage questions from Forms 2(a) and (b).*

**SO SAY WE ALL, this _____ day of _____, 2____**

_____
**FOREPERSON**