DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FENTON WILLIAMS,**
Appellant,

v.

**CITIZEN PROPERTY INSURANCE COMPANY,**
Appellee.

No. 4D19-412

[November 27, 2019]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. CACE-18-006507 (09).

Alex Stern of Litigation & Recovery Law Center, PL, North Miami Beach, for appellant.

Scot E. Samis and Christopher Shand of Traub Lieberman Straus & Shrewsberry LLP, St. Petersburg, for appellee.

PER CURIAM.

A homeowner, Fenton Williams, appeals an order compelling appraisal. The homeowner argues in part that the trial court applied the wrong standard in determining whether the insurance company waived its right to appraisal. The insurance company acknowledges that the trial court mistakenly concluded that the *insurer* could not invoke appraisal until coverage was determined but argues that we should affirm for other reasons. We reverse and remand for the trial court to reconsider this issue under the correct standard.

At the insurance company's invitation, the trial court relied on *Florida Insurance Guaranty Association, Inc. v. Martucci,* 152 So. 3d 759 (Fla. 5th DCA 2014), and reasoned that the company could not have waived appraisal by taking inconsistent action until after coverage was resolved. *Martucci* addresses an insured's right to appraisal. An insured cannot seek appraisal until coverage is determined. An insurer, however, can invoke appraisal and still retain a coverage defense. *See State Farm Fire & Cas. Co. v. Licea,* 685 So. 2d 1285, 1288 (Fla. 1996); *Liberty Am. Ins. Co.*

*v. Kennedy*, 890 So. 2d 539, 541–42 (Fla. 2d DCA 2005) (recognizing that "submission of the claim to appraisal does not foreclose Liberty American from challenging an element of loss as not being covered by the policy"). On appeal, the insurance company agrees that it could have invoked appraisal earlier.

Because the trial court mistakenly believed that the insurer had to await determination of coverage, the court did not rule on the homeowner's full waiver argument. Accordingly, we reverse and remand for the trial court to reconsider whether the insurer's actions in this case amount to waiver.

LEVINE, C.J., GROSS, and FORST, JJ., concur.

*     *     *

**_Not final until disposition of timely filed motion for rehearing._**