435 So.2d 782 (1983)
In the matter of the Use by the Trial Courts of the STANDARD JURY INSTRUCTIONS (CIVIL CASES).
No. 62981.
Supreme Court of Florida.
May 19, 1983.
Robert P. Smith, Jr., Chairman, Committee on Standard Jury Instructions (Civil), Tallahassee, for Committee and The Florida Bar.
McDONALD, Justice.
In a footnote in our opinion in Ford Motor Co. v. Hill, 404 So.2d 1049, 1052 n. 4 (Fla. 1981), we stated:
We agree with Ford that the standard jury instruction in products liability could be improved. We therefore direct the committee on standard jury instructions for civil trials to develop and present to this Court an appropriate instruction which adequately addresses the issue and which reflects the holding of the instant case.
The committee accepted our direction and has studied and debated it. In doing so it has been handicapped by little direction from this Court and little precedence in Florida case law to guide it. The committee nevertheless decided to propose, for selective use by the trial courts followed by regular appellate review, two tests widely used in other jurisdictions. In doing so the committee does not recommend either charge over the other or preclude the giving of both charges or other possible instructions in preference to those proposed. The committee does not propose that this Court decide any unsettled questions of law when we consider whether we should authorize the publication of its suggested changes.
We accept the committee's report and authorize the publication of the expanded jury instruction concerning product liability, together with the comments thereon.[*] *783 In doing so we emphasize that we are not deciding any question of law or correctness or applicability of the charge in any particular case. This is the responsibility of the *784 trial judge and will depend on further development of the law on a case by case basis.
We commend the committee for its conscientious work.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.
NOTES
[*] The committee's report is as follows:

Substitute the following for existing Part PL (italicized words except headings added; deleted words stricken through)
PL PRODUCT LIABILITY
Issues
PL 1 Express warranty
PL 2 Implied warranty of merchantability
PL 3 Implied warranty of fitness for particular purpose
PL 4 Strict liability (manufacturing flaw)
PL 5 Strict liability (design defect)
Burden of proof (greater weight of the evidence)
Defense issues
PL PRODUCT LIABILITY NOTE ON USE
This Part PL PRODUCT LIABILITY is intended to serve the same purposes, in cases involving asserted product liability based on concepts other than negligence, as are served in negligence cases by Part III ISSUES and Part IV NEGLIGENCE. When alternative issues of negligence are to be submitted, use Charge 3.5 on Negligence Issues, as in Model Charge No. 4.
The issues for your determination on the claim of (claimant) against (defendant) are whether the (describe product) [sold] [supplied] by (defendant) was defective when it left the possession of (defendant) and, if so, whether such defect was a legal cause of [loss] [injury] [or] [damage] sustained by (claimant or person for whose injury claim is made). A product is defective if it
PL 1 express warranty
if it does not conform to representations of fact made by (defendant), orally or in writing, in connection with the [sale] [transaction], on which (name) relied in the [purchase and] use of the product. [Such a representation must be one of fact, rather than opinion.]
PL 2 implied warranty of merchantability
if it is not reasonably fit for the uses intended or reasonably foreseeable by (defendant).
PL 3 implied warranty of fitness for particular purpose
if it is not reasonably fit for the specific purpose for which (defendant) knowingly sold the product and for which the purchaser bought the product in reliance on the judgment of (defendant).
PL 4 strict liability (manufacturing flaw)
if it is in a condition unreasonably dangerous to the user and the product is expected to and does reach the user without substantial change affecting that condition.
PL 5 strict liability (design defect)
if by reason of its design the product is in a condition unreasonably dangerous to the user and the product is expected to and does reach the user without substantial change affecting that condition.
A product is unreasonably dangerous because of its design if [the product fails to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by the manufacturer] [or] [the risk of danger in the design outweighs the benefits].
If the greater weight of the evidence does not support the claim of (claimant), your verdict should be for (defendant).
[However, if the greater weight of the evidence does support the claim of (claimant), then your verdict should be for (claimant) and against (defendant).] [*][However, if the greater weight of the evidence does support the claim of (claimant), then you shall consider the defense raised by (defendant). On the defense, the issues for your determination are (state defense issues).]
"Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.
NOTE ON USE
*When defense issues are to be submitted, use the charge contained within this second pair of brackets. In other cases, use the first bracketed sentence instead.
COMMENT
1. Privity. These charges on product liability issues presuppose that all questions of privity are resolved and that claimant is one to whom, as a matter of law, a warranty was extended. Should it be necessary to submit to the jury a factual issue on privity, the committee recommends that it be submitted in the style of a preliminary charge on status or duty as in Charge 3.2.
2. Strict liability (Restatement of Torts 2d § 402A). Charge PL 4 is appropriate in an action by the user against the manufacturer. West v. Caterpiller Tractor Company, Inc., 336 So.2d 80 (Fla. 1976).
2. Strict liability (Restatement of Torts 2d § 402A. Charge PL 4, derived from § 402A as adopted in West v. Caterpillar Tractor Co., Inc., 336 So.2d 80 (Fla. 1976), is appropriate for a strict liability claim against the manufacturer based on an alleged manufacturing flaw in the product. In response to Ford Motor Co. v. Hill, 404 So.2d 1049, 1052 n. 4 (Fla. 1981), directing the committee to improve its product liability charge, the committee recommends PL 5 for design defect cases, stating standards for determining when a product is "unreasonably dangerous" because of design.
PL 5 defines "unreasonably dangerous" both in terms of consumer expectations, see comment i to § 402A of the Restatement, and in terms weighing the design risk against its utility, as expressed in decisions from other jurisdictions. See, e.g., Cassisi v. Maytag Co., 396 So.2d 1140, 1145 (Fla. 1st DCA 1981) (dicta), quoting Barker v. Lull Engineering Co., 20 Cal.3d 413, 143 Cal. Rptr. 225, 573 P.2d 443 (1978). Absent more definitive authority in Florida, the committee recommends neither test to the exclusion of the other and expresses no opinion about whether the two charges should be given alternatively or together. PL 5 provides language suitable for either standard, or both, determined by the trial court to be appropriate.
The committee is of the view that, in Florida, the ultimate burden of persuasion in cases submitted to the jury remains with the plaintiff. West, 336 So.2d at 87; but see Barker, 573 P.2d at 455-56, quoted in Cassisi, 396 So.2d at 1145. PL 5 therefore allocates that burden to the plaintiff. The charge is not intended to control issues of the burden of proof or sufficiency of the evidence for directed verdict purposes.
Pending further development of Florida law, the committee reserved the question of whether there can be strict liability for failure to warn and, if so, what duty is imposed on the manufacturer or seller.
3. Obvious defects, opportunity to inspect, disclaimers. These concepts are not covered by the standard charges. See Auburn Machine Works Co., Inc. v. Jones, 366 So.2d 1167 (Fla. 1979).
4. Uniform Commercial Code. There are many open questions concerning the meaning and application in Florida personal injury litigation of certain U.C.C. provisions. Compare Schuessler v. Coca-Cola Bottling Company of Miami, 279 So.2d 901 (Fla. 4th DCA 1973), with Ford Motor Co. v. Pittman, 227 So.2d 246 (Fla. 1st DCA 1969), cert. denied, 237 So.2d 177 (Fla. 1970). Accordingly, the committee has not undertaken to express U.C.C. concepts, as such, in these jury charges. A U.C.C. provision which is held to be applicable may be read or appropriately paraphrased for the jury. In order to avoid undue emphasis, the committee recommends that the provision read or paraphrased not be identified as a statute.
5. Contributory negligence. See West v. Caterpillar, supra n. 2. Model charge 6 illustrates the defense of contributory (comparative) negligence in a negligence/express warranty action against a retailer. Contributory (comparative) negligence. Comparative negligence is a defense to strict liability claims if based on grounds other than the failure of the user to discover the defect or to guard against the possibility of its existence. West v. Caterpillar, supra n. 2. Model charge 6 illustrates the defense of contributory (comparative) negligence in a negligence/express warranty action against a retailer and model charge 7 illustrates the same defense in a negligence/strict liability action against a manufacturer and retailer.