PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Civil Cases (Committee) has submitted extensive proposed changes to the standard civil jury instructions previously authorized by the Court. We now address the amendments directed for use in products liability cases, which the Committee asks the Court to authorize. We have jurisdiction. See art. V, § 2(a), Fla. Const.
*786 BACKGROUND
On July 16, 2009, the Committee filed a report proposing both new and revised products liability standard jury instructions.[1] At that time, pending before the Court was the Committee’s proposed general reorganization of the standard civil jury instructions (Case No. SC09-284), which included reorganizing the instructions by separate areas of civil law and renumbering the instructions to reflect that reorganization, as well as modifications intended to improve juror understanding. In large part, the Court authorized, with minor modifications, the Committee’s proposals for publication and use. See In re Standard Jury Instructions in Civil Cases — Report No. 09-01 (Reorganization of the Civil Jury Instructions), 35 So.3d 666 (Fla.2010).
Prior to filing its report in this case, on December 15, 2008, the Committee published the proposed changes directed to the products liability instructions for public comment in The Florida Bar News. Five comments were received, each addressing a number of the proposals. The Court also sought public comment on specific issues pertaining to particular proposals, which appeared in the January 1, 2010, edition of The Florida Bar News. Following receipt of numerous comments, the Court heard oral argument on May 5, 2010.
DISCUSSION
In lieu of the products liability standard instructions previously authorized under the former standard civil jury instruction structure, see In re Standard Jury Instructions (Civil Cases), 435 So.2d 782 (Fla.1983), and upon consideration of the proposals, comments, and oral arguments presented in this case, we hereby take the following action. First, we provide preliminary approval for publication in the future of the proposals with regard to standard instructions 403.1 — Introduction (new); instruction 403.2 — Summary of Claims *787 (new); instruction 403.4 — Express Warranty; instruction 403.5 — Implied Warranty of Merchantability; instruction 403.6— Implied Warranty of Fitness for Particular Purpose; instruction 403.8 — Strict Liability Failure to Warn (new); instruction 403.10 — Negligent Failure to Warn (new); instruction 403.12 — Legal Cause; instruction 403.14 — Burden of Proof on Preliminary Issue; instruction 403.15 — Issues on Main Claim; instruction 403.17 — Burden of Proof on Main Claim; and instruction 403.19 — Burden of Proof on Defense Issues.
Second, the following jury instructions are preliminarily approved for publication in the future as modified: instruction 403.9 — Negligence; and instruction 403.18 — Defense Issues (new).
Last, the Court rejects the following proposals: instruction 403.3 — Greater Weight of the Evidence; instruction 403.7 — Strict Liability; instruction 403.11 — Inference of Product Defect or Negligence (new); instruction 403.13— Preliminary Issue (new); instruction 403.16 — Issues on Crashworthiness and “Enhanced Injury” Claim (new); and Model Instruction 7 and Special Verdict Form.[2] Instead, the Court preliminarily approves for publication in the future instruction 403.3, consistent with previously authorized “Greater Weight of the Evidence” standard civil jury instructions.[3] We refer back to the Committee its proposals with regard to instructions 403.7, 403.11, 403.13, 403.14, 403.16, Model Instruction No. 7 and the Special Verdict Form, and the Committee Notes to each of the products liability standard instructions. We direct the Committee to make revisions consistent with the instructions preliminarily approved by the Court for publication in the future and as set forth in the appendix to this opinion, as well as the Court’s decisions in In re Standard Jury Instructions in Civil Cases — Report No. 09-01 (Reorganization of the Civil Jury Instructions), 35 So.3d 666 (Fla.2010) and In re Standard Jury Instructions in Criminal Cases — Report No. 2010-01 & Standard Jury Instructions in Civil Cases — Report No. 2010-01, 52 So.3d 595 (Fla.2010). We also direct the Committee to conform all instructions, comments, model forms of instructions, verdict forms, and any related material to the actions of the Court in this and prior opinions. All of the foregoing must be completed before publication and use. Accordingly, until further order of the Court, we withhold authorization of the approved instructions.[4] The approvals are only preliminary because this group of instructions must be viewed as a full package before authorization can be provided.
CONCLUSION
In providing preliminary approval for the standard civil jury instructions for publication in the future, as set forth in the *788 appendix, we express no opinion on their correctness. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underscoring and deletions are indicated by struck-through type. The instructions as set forth in the appendix shall be effective when the entire package of products liability material is completed and the instructions are authorized by the Court. We caution that further work is required before publication and use of these preliminary products liability instructions, model forms, verdict forms, and any other material relating to the foregoing.
It is so ordered.
PARIENTE, LEWIS, LABARGA, and PERRY, JJ., concur.
PARIENTE, J., concurs with an opinion.
CANADY, C.J., concurs in part and dissents in part with an opinion, in which POLSTON, J., concurs.
QUINCE, concurs in part and dissents in part with an opinion.

. The Court identified the Committee's proposals by number for ease of consideration, as follows:
Proposal 1 — Eliminating "PL Product Liability, Note on Use” and introductory paragraph;
Proposal 2 — Instruction 403.1 — Introduction (new);
Proposal 3 — Instruction 403.2 — Summary of Claims (new);
Proposal 4 — Eliminate current paragraph on burden and add Instruction 403.3 — Greater Weight of the Evidence;
Proposal 5 — Eliminate PL 1 and add Instruction 403.4 — Express Warranty;
Proposal 6 — Eliminate PL 2 and add Instruction 403.5 — Implied Warranty of Merchantability;
Proposal 7 — Eliminate PL 3 and add Instruction 403.6 — Implied Warranty of Fitness for Particular Purpose;
Proposal 8 — Eliminate PL 4, PL 5, Notes on Use, and Comment, and add Instruction 403.7 — Strict Liability;
Proposal 9 — Instruction 403.8 — Strict Liability Failure to Warn (new);
Proposal 10 — Instruction 403.9 — Negligence;
Proposal 11 —Instruction 403.10 — Negligent Failure to Warn (new);
Proposal 12 — Instruction 403.11 — Inference of Product Defect or Negligence (new);
Proposal 13 — Instruction 403.12 — Legal Cause;
Proposal 14 — Instruction 403.13 — Preliminary Issue (new);
Proposal 15 — Instruction 403.14 — Burden of Proof on Preliminary Issue;
Proposal 16 — Instruction 403.15 — Issues on Main Claim;
Proposal 17 — Instruction 403.16 — Issues on Crashworthiness and "Enhanced Injury” Claim (new);
Proposal 18 — Instruction 403.17 — Burden of Proof on Main Claim;
Proposal 19 — Instruction 403.18 — Defense Issues (new);
Proposal 20 — Instruction 403.19 — Burden of Proof on Defense Issues; and
Proposal 21 — Eliminating Model Charge Nos. 7 and 8 and adding Model Instruction No. 7 and Special Verdict Form.

. The numerical assigned placement for such instructions is reserved, however.

. For example, see the following instructions: 401.3 (negligence cases); 402.3 (professional negligence cases); 404.3 (insurer’s bad faith cases); 405.3 (defamation cases); 406.3 (malicious prosecution cases); 407.3 (false imprisonment cases); 408.3 (tortious interference with business relationships); 409.3 (misrepresentation cases); 410.3 (outrageous conduct causing severe emotional distress cases); 412.5 (cases involving contribution among tortfeasors); and 413.3 (cases involving claim for personal injury protection benefits (medical benefits only)). See In re Standard Jury Instructions in Civil Cases — Report No. 09-01 (Reorganization of the Civil Jury Instructions), 35 So.3d 666 (Fla.2010).

.We direct the Clerk of Court, on behalf of the Court, to send a referral letter to the Committee, to include information with regard to the procedure the Committee is to follow in submitting its revised proposals to the Court in accord with this decision.