PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Civil Cases (Committee) has submitted proposed changes to the standard jury instructions in civil cases and asks that the Court authorize the proposed new standard instructions. We have jurisdiction. See art. V, § 2(a), Fla. Const.
In In re Standard Jury Instructions in Civil Cases—Report No. 09-01 (Reorganization of the Civil Jury Instructions), 35 So.3d 666 (Fla.2010), the Court authorized the reorganization and updated wording of the standard civil jury instructions. The Court observed that the reorganization was “based upon the delineation of separate sections, which include oaths, preliminary instructions, evidence instructions, substantive instructions, damages, general substantive instructions, closing instructions, and supplemental matters.” Id. at 667. In addition, all of the substantive areas were “organized into separate sections and include pertinent standard instructions which [were] reproduced within each substantive section, or, where necessary, tailored to the specific substantive area.” Id. At the time of reorganizing the civil jury instructions, however, the Court noted that proposed substantive instructions had not yet been filed by the Committee for Unlawful Retaliation and Products Liability.[1] The instant petition pertains to the substantive area of Unlawful Retaliation.
Proposed new jury instructions 415.1 (Introduction); 415.2 (Summary of Claims and Defenses); 415.7 (Legal Cause); 415.8 (Preliminary Issue — Adverse Employment Action); 415.9 (Burden of Proof on Preliminary Issue); 415.10 (Issues on Plaintiffs Claim); and 415.11 (Burden of Proof on Claim), all follow the general format for the civil instructions of the representative areas previously authorized by the Court and are therefore authorized. The Court also authorizes for publication and use, as proposed, new instructions 415.4 (Retaliation; Adverse Employment Action); 415.6 (Legal Cause — Retaliation); 415.12 (Unlawful Retaliation Damages); 415.13 (Defense Issue on Damages (Mitigation — Discharge)); and 415.14 (Reduction of Damages to Present Value). Lastly, the Court authorizes proposed new instructions 415.3 (Greater Weight of the Evidence) and 415.5 (Protected Activity), with slight modification. Proposed instruction 415.3 is modified to exclude paragraph 3 of the Notes On Use For 415.3, “ ‘Preponderance of evidence’ and ‘burden of proof,’” to conform with the “Greater Weight of the Evidence” instructions under 401.3 (General Negligence); 402.3 (Professional Negligence); 404.3 (Insurer’s Bad Faith); 405.3 (Defamation); 406.3 (Malicious Prosecution); 407.3 (False Imprisonment); 408.3 (Tor-tious Interference with Business Relationships); 409.3 (Misrepresentation); 410.3 (Outrageous Conduct Causing Severe Emotional Distress); 412.5 (Contribution Among Tortfeasors); and 413.3 (Claim for Personal Injury Protection Insurance (PIP) Benefits (Medical Benefits Only)). Paragraph 2 of the Notes On Use For 415.5 for proposed instruction 415.5 is modified to reflect that in addressing the claimant’s burden of proof under section 448.102(3), Florida Statutes (2011), each of the federal district courts in Florida has held that Florida’s private-sector *108 whistle-blower provisions, sections 448.101-105, Florida Statutes, require proof of an actual violation of law, as opposed to a reasonable, good faith violation.
The instructions, as set forth in the appendix to this opinion, are authorized for publication and use. New language is indicated by underlining. In authorizing the publication and use of these instructions, we express no opinion on the correctness of the instructions and remind all interested parties that this authorization forecloses neither requesting an additional or alternative instruction nor contesting the legal correctness of the instructions. We further caution all interested parties that any notes and comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions shall be effective when this opinion becomes final.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
415 Unlawful Retaliation
415.1 Introduction
415.2 Summary of Claims and Defenses
415.3 Greater Weight of the Evidence
415.4 Retaliation; Adverse Employment Action
415.5 Protected Activity
415.6 Legal Cause — Retaliation
415.7 Legal Cause — Damage
415.8 Preliminary Issue — Adverse Employment Action
415.9 Burden of Proof on Preliminary Issue
415.10 Issues on Plaintiff’s Claim
415.11 Burden of Proof on Claim
415.12 Unlawful Retaliation Damages
415.13 Defense Issue on Damages (Mitigation-Discharge)
415.14 Reduction of Damages to Present Value
NOTE ON USE FOR 415
The instructions in this section are based upon F.S. 448.101-105 (Florida’s private-sector whistle-blower provisions). As to the right to trial by jury, see Fox v. City of Pompano Beach, 984 So.2d 664 (Fla. 4th DCA 2008), and O’Neal v. Fla. A & M University, 989 So.2d 6 (Fla. 1st DCA 2008) (right to jury trial pursuant to the Whistle-blower Act, F.S. 112.3187-31895); Rodriguez v. Casson-Mark Corp., 2008 WL 2949520 (M.D.Fla. July 28, 2008) (right to jury trial pursuant to the private-sector whistle-blower’s provisions, F.S. 448.101-105).
415.1 INTRODUCTION
Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. [You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are (slightly) different from what I gave you at the beginning and it is these rules of law that you must now follow.] When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.
*109 NOTES ON USE FOR 415.1
1. When instructing the jury before taking evidence, use instruction 202,1 in lieu of instruction 415.1. See Model Instruction 1. Instruction 415.1 is for instructing the jury after the evidence has been concluded. Use the bracketed language in instruction 415.1 when the final instructions are different from the instructions given at the beginning of the case. If the instructions at the end of the case are different from those given at the beginning of the case, the committee recommends that the court point out the differences with appropriate language in the final instructions, including an explanation for the difference, such as where the court has directed a verdict on an issue.
2. Fla.R.Civ.P. 1.470(b) authorizes instructing the jury during trial or before or after final argument. The timing of instructions is within the sound discretion of the trial .judge, to be determined on a case-by-case basis, but the committee strongly recommends instructing the jury before final argument.
3. Each juror must be provided with a full set of jury instructions for use during them deliberations. Fla.R.Civ.P. 1.470(b). The trial .judge may find it useful to provide these instructions to the jurors when the .judge reads the instructions in open court so that jurors can read along with the .judge, as the judge reads the instructions aloud.
415.2SUMMARY OF CLAIMS AND DEFENSES
The claim[s] in this case [is][are] as follows: (Claimant) claims that (defendant) retaliated against [him][her] by (describe retaliatory action) because (claimant) (describe activity which claimant alleges caused retaliatory action), and that the (describe retaliatory action) caused [him][her] damage.
(Defendant) denies that claim [and also claims that (Claimant) failed to reduce [his] [her] damages by seeking other similar employment] [and (describe any other affirmative defense) ].
[ ( Claimant) ] [The parties] must prove [his][her][all] claim(s) [and defenses] by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.
415.3GREATER WEIGHT OF THE EVIDENCE
Greater weight of the evidence means the more persuasive and convincing force and effect of the entire evidence in the case.
NOTES ON USE FOR 415.3
1. Greater or lesser number of witnesses. The committee recommends that no charge be given regarding the relationship (or lack of relationship) between the greater weight of the evidence and the greater or lesser number of witnesses.
2. Circumstantial evidence. The committee recommends that no charge generally be given distinguishing circumstantial from direct evidence. See Nielsen v. City of Sarasota, 117 So.2d 731 (Fla.1960).
415.4RETALIATION; ADVERSE EMPLOYMENT ACTION
Retaliation means [discharging] [or] [demoting] [or] [suspending] [or] [taking certain adverse employment action against] an employee because the employee engaged in [a] protected activ-it[y][ies].
[An adverse employment action is retaliation if it affects the terms and conditions of employment and would discourage a reasonable employee in *110 [ (claimant’s) ] position from engaging in [a] [protected activit[y][ies].]]
NOTES ON USE FOR 415.4
1. The definitions of retaliation and adverse employment action are derived from F.S. 448.101(5) and case law. Donovan v. Broward Cnty. Bd. of Comm’rs, 974 So.2d 458, 460 (Fla. 4th DCA 2008) (adverse employment action is action which would discourage reasonable employee from making or supporting charge of discrimination).
2, Use the second paragraph of this instruction when plaintiff claims that the defendant imposed an adverse employment action other than or in addition to discharge, suspension or demotion.
415.5 PROTECTED ACTIVITY
Protected activity is:
[disclosing] [or] [threatening to disclose] to (appropriate governmental agency), under oath, in writing, an activity, policy or practice of (defendant) that violated (describe law, rule or regulation) [or]
[providing information to] [or] [testifying before] (appropriate governmental agency, person or entity), which was conducting an [investigation,] [hearing] [or] [inquiry] into an alleged violation of (describe law, rule or regulation) by (defendant) [or]
[objecting to (defendant’s) activity, policy, or practice that violated (describe law, rule, or regulation) ] [or] [refusing to participate in (defendant’s) activity, policy or practice that violated (describe law, rule, or regulation) ] [or] [would have violated] (describe law, rule or regulation), had (plaintiff) participated.
NOTES ON USE FOR 415.5
1. The bracketed language is derived from F.S. 448.102(1), (2) and (3).
2. As to whether, under F.S. 448.102(3), a claimant must prove an actual violation of law as opposed to a reasonable, good faith belief that a violation of law has occurred, all three federal district courts sitting in Florida have held that the plaintiff must prove an actual violation of law. See, e.g., Paulet v. Farlie, Turner & Co., LLC, 2010 WL 2232662, at *2 (S.D.Fla. June 2, 2010); Smith v. Psychiatric Solutions, Inc., 2009 WL 903624, at *7 (N.D.Fla. Mar. 31, 2009); White v. Purdue Pharma, Inc., 369 F.Supp.2d 1335, 1336 (M.D.Fla.2005); but see Padron v. Bell-South Telecomms., Inc., 196 F.Supp.2d 1250, 1255 (S.D.Fla.2002) (in dicta, court noted that plaintiffs reasonable belief that violation of law occurred is sufficient).
415.6 LEGAL CAUSE-RETALIATION
Protected activity is a legal cause of [discharge] [suspension] [demotion] [or] [ (describe adverse employment action) ] if the protected activity was a motivating factor that made a difference in (defendant’s) decision. The protected activity need not be the only factor motivating (defendant’s) decision.
You may find that protected activity was a motivating factor in (defendant’s) decision if you find (defendant’s) stated reason(s) for its decision(s) [was] [were] not the real reason(s), but [was] [were] given to hide the retaliation.
NOTES ON USE FOR 415.6
1. This instruction is based on F.S. 448.102 and 448.103(c).
2. On the issue of causation, Florida and federal courts have followed federal decisions construing provisions in Title VII *111 that make it unlawful for an employer to retaliate against an employee “because” the employee made a charge against the employer or opposed an employer’s unlawful practice. Rice-Lamar v. City of Ft. Lauderdale, 853 So.2d 1125 (Fla. 4th DCA 2003) (Title VII retaliation analysis applied to claim arising under Florida’s Whistle-blower Act); see also Sierminski v. Transouth Financial Corp., 216 F.3d 945 (11th Cir.2000) (Title VII retaliation analysis applied to claim arising under Florida’s private-sector whistle-blower provisions).
3. This instruction is derived from the Eleventh Circuit’s pattern instruction for retaliation claims. See 1.10.3 Miscellaneous Issues, Retaliation, Eleventh Circuit Pattern Jury Instructions (Civil Cases) 2005. The Eleventh Circuit’s instruction places the burden of persuasion on the issue of causation on the employee and requires the employee to show that the protected activity was a “motivating factor that made a difference” in the employer’s decision.
4. The second paragraph of 415.6 is a permissive inference pretext instruction. There is disagreement among the circuits as to whether a pretext instruction is required in Title VII discrimination and retaliation cases. The weight of authority supports requiring a pretext instruction when the .jury could find that the employer’s explanation is false and could infer from the falsity that the employer is dissembling to cover up an unlawful purpose. See Ratliff v. City of Gainesville, 256 F.3d 355 (5th Cir.2001). Other circuits do not require an instruction, but permit one in the trial judge’s discretion. See Palmer v. Bd. of Regents, 208 F.3d 969 (11th Cir.2000),
415.7LEGAL CAUSE — DAMAGE
[Discharge] [suspension] [demotion] [or] [ (describe adverse employment action) ] is a legal cause of [loss] [injury] [or] [damage] if it directly and in natural and continuous sequence produces or contributes substantially to producing such damage, so that it can reasonably be said that, but for the [discharge] [suspension] [demotion] [or] [ (describe adverse employment action) ], the [loss] [injury] [or] [damage] would not have occurred.
415.8 PRELIMINARY ISSUE-ADVERSE EMPLOYMENT ACTION
On (claimant’s) claim there is a preliminary issue for you to decide. That issue is whether (describe the alleged conduct) was an adverse employment action.
NOTE ON USE 415.8
Use instruction 415.8 when plaintiff claims that the defendant imposed adverse employment action other than or in addition to discharge, suspension or demotion.
415.9 BURDEN OF PROOF ON PRELIMINARY ISSUE
If the greater weight of the evidence does not support (claimant’s) claim on this issue, that (describe alleged conduct) was an adverse employment action, then [your verdict on the claim of (claimant) should be for (defendant). However, if the greater weight of the evidence supports the claim of (claimant) on this issue, that (describe the alleged conduct) was an adverse employment action, your decision on that issue should be for (claimant). You shall then decide the other issues on (claimant’s) claim.]
* [your decision on that issue should be for (defendant). However, if the greater weight of the evidence supports the claim of (claimant) on this issue, that (describe the alleged conduct) was an adverse employment action, your decision *112 on that issue should be for (claimant). You shall then decide the other issues on (claimant’s) claim.]
NOTES ON USE FOR 415.9
1. Give instruction 415.9 if instructing; the jury on the preliminary issue from instruction 415.8.
2. * Give this portion of the charge when plaintiff claims defendant imposed adverse employment action in addition to discharge, suspension or demotion.
415.10ISSUES ON PLAINTIFF’S CLAIM
The law prohibits an employer from retaliating against an employee for engaging in protected activity.
The [next] issue(s) you must decide on the claim of (claimant) against (defendant) are whether (defendant) retaliated against (claimant) by [discharging] [suspending] [demoting] [him][her][or] (describe adverse employment action) because (claimant) engaged in protected activity and, if so, whether the [discharge] [suspension] [demotion] [or] [ (describe adverse employment action) ] was a legal cause of [loss] [injury] or [damage] to (claimant).
NOTE ON USE FOR 415.10
If there are issues concerning vicarious liability that require a preemptive instruction or jury resolution, see (and modify, as necessary) instructions 401.13, 401.14, and 401.17.
415.11BURDEN OF PROOF ON CLAIM
If the greater weight of the evidence does not support the claim of (claimant) then your verdict should be for (defendant).
However, if the greater weight of the evidence supports the claim of (claimant), [then your verdict should be for (claimant) and against (defendant) ] [then you shall consider the defense[s] raised by (defendant) ].
[If the greater weight of the evidence supports the defense, your verdict should be for (defendant). However, if the greater weight of the evidence does not support the defense, your verdict should be for (claimant) and against (defendant).]
415.12UNLAWFUL RETALIATION DAMAGES
If you find for (defendant), you will not consider the matter of damages. But if you find for (claimant), you should award (claimant) an amount of money that the greater weight of the evidence shows will fairly and adequately compensate [him] [her] for such damage, including any such damage as (claimant) is reasonably certain to incur in the future. You shall consider the following elements:
[any] [the difference between] lost wages and benefits to the date of trial [and what (claimant) earned during that time].
[any wages and benefits to be lost in the future.]
(other compensatory damages allowable at law.)
[any emotional pain and mental anguish experienced in the past or to be experienced in the future. There is no exact standard for measuring such damages. The amount should be fair and just in the light of the evidence.]
NOTES ON USE FOR 415.12
1. As to whether future lost wages, (i.e., “front pay”) are awardable in a .jury trial pursuant to F.S. 448.103(2), see U.S. *113 E.E.O.C. v. W & O, Inc., 213 F.3d 600, 619 (11th Cir.2000) (front pay is equitable remedy in Title VII case and is not decided by .jury); O’Neal v. Fla. A & M Univ., 989 So.2d 6 (Fla. 1st DCA 2008) (under Florida’s Whistle-blower Act, front pay is equitable relief).
2. As to whether emotional damages are awardable in a jury trial pursuant to F.S. 448.103(2), see Mcintyre v. Delhaize America, Inc., 2009 WL 161708 (M.D.Fla. January 22, 2009) and Wood v. Cellco P’ship, 2007 WL 917300 (M.D.Fl. March 23, 2007) (damages for emotional distress recoverable in whistle-blower action pursuant to F.S. 448.103); Scott v. Otis Elevator Co., 572 So.2d 902 (Fla.1990) (damages for emotional distress recoverable in retaliatory discharge action pursuant to provision of workers’ compensation act, F.S. 440.205).
415.13 DEFENSE ISSUE ON DAMAGES (MITIGATION-DISCHARGE)
As a defense to (claimant’s) damages claim for retaliatory discharge, (defendant) claims that (claimant) could have reduced [his][her] damages by making a reasonable effort to [seek] [retain] comparable employment. Comparable employment means alternative employment similar to (claimant’s) former job in the nature of the work, responsibilities and skills required. (Claimant) need not accept employment that is unsuitable or demeaning when compared with (claimant’s) former job.
If the greater weight of the evidence supports (defendant’s) claim that there was comparable employment available to (claimant) and that (claimant) failed to make a reasonable effort to [seek] [keep] such employment, then you should reduce any damages you award to (claimant) by the amount that (claimant) could have earned from the comparable employment.
If however, the greater weight of the evidence does not support (defendant’s) claim that there was comparable employment available to (claimant) and that (claimant) failed to make a reasonable effort to [seek] [retain] that employment, then your verdict should be for (claimant) in the total amount of [his][her] damages for lost wages and benefits.
NOTES ON USE FOR 415.13
1. This instruction does not use the term “duty to mitigate” because this is more accurately an application of the doctrine of avoidable consequences and “duty” implies a mandatory obligation. See System Components Corp. v. Fla. Dept. of Transp., 14 So.3d 967, 982 (Fla.2009).
2, As to plaintiffs “duty to mitigate” damages in cases involving wrongful discharge, see Zayre Corp. v. Creech, 497 So.2d 706, 708 (Fla. 4th DCA 1986); Juvenile Diabetes Research Foundation v. Rievman, 370 So.2d 33, 36 (Fla. 3d DCA 1979); Punkar v. King Plastic Corp., 290 So.2d 505, 508 (Fla. 2d DCA 1974).
415.14 REDUCTION OF DAMAGES TO PRESENT VALUE
Any amount of damages which you allow for wages and benefits to be lost in the future should be reduced to its present money value, and only the present money value of those future economic damages should be included in your verdict.
The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate (claimant) for these losses as they are actually experienced in future years.
*114 NOTES ON USE FOR 415.14
1. Designing a standard instruction for reduction of damages to present value is complicated by the fact that there are several different methods used by economists and courts to arrive at a present value determination. See, e.g., Delta Air Lines, Inc. v. Ageloff, 552 So.2d 1089 (Fla.1989) and Renuart Lumber Yards v. Levine, 49 So.2d 97 (Fla.1950) (using approach similar to calculation of cost of annuity); Jones & Laughlin Steel Corp. v. Pfeifer, 462 U.S. 523, 103 S.Ct. 2541, 76 L.Ed.2d 768 (1983), and Loftin v. Wilson, 67 So.2d 185 (Fla.1953) (lost stream of income approach); Beaulieu v. Elliott, 434 P.2d 665 (Alaska 1967) (total offset method); Culver v. Slater Boat Co., 688 F.2d 280 (5th Cir.1982) and Seaboard Coast Line R.R. Co. v. Garrison, 336 So.2d 423 (Fla. 2d DCA 1976) (discussing real interest rate discount method and inflation/market rate discount methods); and Bould v. Touchette, 349 So.2d 1181 (Fla.1977) (even without evidence, juries may consider effects of inflation).
2, Until the Florida Supreme Court or the legislature adopts one approach to the exclusion of other methods of calculating present money value, the committee assumes that the present value of future economic damages is a finding to be made by the jury on the evidence; or, if the parties offer no evidence to control the finding, that the jury will properly resort to its own common knowledge as guided by instruction 415.14 and by argument. See Seaboard Coast Line R.R. Co. v. Burdi, 427 So.2d 1048 (Fla. 3d DCA 1983).

. The Committee sought to amend the Products Liability civil jury instructions in In re: Standard Jury Instructions in Civil Cases—Report No. 09-10 (Products Liability), 91 So.3d 785 (Fla.2012). The Court issued its opinion in that case on May 17, 2012. Id., 91 So.3d 785.