GLENS FALLS INSURANCE
COMPANY, Appellant,

v.

George COVERT, d/b/a Covert
Automobile Company, Appellee.

No. 7714.

Court of Civil Appeals of Texas,
Beaumont.

July 10, 1975.

Rehearing Denied Aug. 21, 1975.

---

Barry Bishop, Austin, for appellant.

Terry L. Weldon, Austin, for appellee.

STEPHENSON, Justice.

This is an action to recover under an insurance policy covering plaintiff's business and premises. Trial was before the court and judgment was rendered for plaintiff. Findings of fact and conclusions of law were filed. The parties will be referred to here as they were in the trial court.

All material facts are uncontroverted. George Covert, d/b/a Covert Automobile Company, was insured under a policy of insurance issued by defendant, Glens Falls Insurance Company. The policy, known as a Commercial Property Policy Form, contained these provisions:

"(a) 7. *Perils Insured*: THIS POLICY INSURES AGAINST ALL RISKS OF PHYSICAL LOSS OR DAMAGE TO THE ABOVE DESCRIBED PROPERTY EXCEPT AS HEREINAFTER PROVIDED, including general overage and salvage charges.

"(b) 8. *Perils Excluded*: This Policy Does Not Insure:

\* \* \* \* \* \*

"(d) Loss or damage caused by or resulting from delay, loss of market, loss of use, bankruptcy, foreclosure, execution or similar proceedings, wear, tear, moth, vermin, deterioration, inherent vice, latent defect or mechanical breakdown."

The trial court made these findings of fact:

"1. The incident giving rise to this suit occurred on December 6, 1968, when 81 vehicles safety stabilizers owned by plaintiff fell from a storage area to the floor of a building owned by plaintiff.

"2. The involved vehicle safety stabilizers are sealed units which cannot be inspected for internal damage.

"3. It is not known whether any of the involved units received internal damage.

"4. On December 17, 1968, the manufacturer of the stabilizers withdrew its warranty that the products were free of defects, and plaintiff then decided not to sell the units without the manufacturer's warranty and made a claim against the

defendant under the insurance policy mentioned below.

\* \* \* \* \* \*

"7. As a result of this incident which occurred December 6, 1968, the involved units lost their merchantability."

Defendant does not question any of the findings of fact but his points of error are to the effect that this is not a claim for "physical loss or damage," and the policy of insurance does not cover this type of loss. We agree.

We are obligated to follow the clear meaning of the rule restated by the Supreme Court of Texas in *Hardware Dealers Mut. Insurance Co. v. Berglund*, 393 S.W.2d 309, 314 (Tex.1965), as follows:

> "The language used in the policies 'must be construed according to the evident intent of the parties, *to be derived from the words used*, the subject-matter to which they relate, and the matters naturally or usually incident thereto,' and it is only when 'the words admit of two constructions, that one will be adopted most favorable to the insured.' *Brown v. Palatine Insurance Company*, 89 Tex. 590, 35 S.W. 1060 (1896). See 13 Tex.Jur.2d 287, Contracts, § 122."

The policy of insurance before us insures the plaintiff against all risks of *physical loss or damage*. As part of his cause of action plaintiff had to prove that he suffered *physical loss or damage*, and this he failed to do. According to plaintiff's testimony (and he called no other witnesses) he did not know whether the devices in question were physically damaged or not, and that he made no tests to see whether or not the devices would still work. On the other hand, defendant called an expert witness, who had made tests upon units involved in the fall and units which had not been involved in the fall, and found no difference in the two. He also testified that the units in question here were not damaged. Admittedly, plaintiff decided not to sell such units without the manufacturer's warranty, but under the clear language of the policy of insurance before us, that was a type of loss not covered. There is no evidence of *physical loss or damage*, and plaintiff cannot recover.

Reversed and rendered that plaintiff take nothing.