Sabina GATTI and John Gatti

v.

The HANOVER INSURANCE
COMPANY.

C.A. No. 84–5833.

United States District Court,
E.D. Pennsylvania.

Jan. 31, 1985.

Charles J. Arena, Philadelphia, Pa., for plaintiff.

Fred B. Buck, Philadelphia, Pa., for defendant.

MEMORANDUM OPINION
AND ORDER

WEINER, District Judge.

The plaintiffs, Sabina and John Gatti, brought suit in the Court of Common Pleas of Philadelphia County, to recover $42,-426.70 under the terms of an insurance policy issued to them by defendant, The Hanover Insurance Company. Defendant had the case removed to this court based on diversity of citizenship. Presently before the court are the parties' cross-motions for summary judgment. For the reasons which follow, the plaintiffs' motion for summary judgment is granted and the defendant's motion is denied.

The parties have stipulated to the facts. On October 18, 1983, defendant issued its Special Businessowners Policy of Insurance to the plaintiffs as owners of the Timber Cover Apartments, an apartment complex in Northeast Philadelphia. On April 3, 1984, plaintiffs' employees noticed a depression in the ground on the premises of the apartment complex and a wetness surrounding the area. The water meter was found to be spinning rapidly and, after further investigation, it was determined that large amounts of water were leaking into the ground from underground pipes after the water had passed through the meter. Plaintiffs filed a claim with defendant for $762.52, representing the costs incurred in repairing the pipes; $39,523.44, representing the charges made by the City of Philadelphia for the water which passed through the meter and leaked into the ground; and $2,140.74, representing interest and penalty charges from the City. Defendant refused to pay the claim, and this litigation ensued.

The rules regarding the interpretation of insurance policies in Pennsylvania[1] are well established. Since the policy is a contract, the court must ascertain the intent of the parties as manifested in the language of the agreement. *Treasure Craft Jewelers v. Jefferson Insurance Co.*, 583 F.2d 650, 652 (3d Cir.1978); *Standard Venetian Blind Co. v. American Empire Insurance Co.*, 503 Pa. 300, 469 A.2d 563 (1983). The policy is to be viewed in its entirety, *Treasure Craft Jewelers*, 583 F.2d at 652, with terms given their plain and ordinary meaning, *Hofing GMC Truck, Inc. v. Kay Wheel Sales Co.*, 543 F.Supp. 414, 417 (E.D.Pa. 1982). Since the policy is normally drafted by the insurer, ambiguities must be resolved in favor of the insured. *Treasure Craft Jewelers*, 583 F.2d at 652; *Hofing*, 543 F.Supp. at 417.

The policy issued by defendant to plaintiffs insured against "all risks of direct physical loss." All risk policies have been interpreted to extend coverage to every loss occasioned by a fortuitous event, except those caused by the willful act of the insured or specifically excluded by the policy. *Plaza 61 v. North River Insurance Co.*, 446 F.Supp. 1168 (M.D.Pa.1978); *Miller v. Boston Insurance Co.*, 420 Pa. 566, 218 A.2d 275 (1966). In *Compagnie Des Bauxites v. Insurance Company of North America*, 724 F.2d 369 (3d Cir.1983), the Court of Appeals interpreting Pennsylvania law, defined a fortuitous event as "an event which so far as the parties to the contract are aware, is dependent on chance." *Id.* at 372.

Defendant argues that the leakage of water into the ground is not a "direct physical loss" and is therefore not covered by the policy. The essence of this argument is that there was no damage to physical structures and therefore no physical loss. Defendant cites *Glen Falls Insurance Co. v. Covert*, 526 S.W.2d 222 (Tex.App.1975) for the rule that pecuniary detriment is not the same as physical loss. In *Covert*, the court held that a policy insuring against "all risks of physical loss or damage" did not cover the loss of sales revenue that occurred when eighty-six safety stabilizers, owned by the plaintiff for eventual sale, fell on the floor without suffering internal damage, although the manufacturer withdrew its warranty causing the products to lose their merchantability.

Defendant's argument ignores the common-sense meaning of the phrase "physical loss." In *Hofing GMC Truck, Inc. v. Kay Wheel Sales Co.*, 543 F.Supp. 414 (E.D.Pa. 1982), a security company was insured against all sums which it became legally obligated to pay as damages because of bodily injury or property damage. The court held that the theft of a truck was property damage since the rightful possessor of the truck had lost the use of it. *Id.* at 418. If "property damage" includes loss of use, then "physical loss" presents a stronger case for coverage. When the water passed through the meter, it became the personal property of the plaintiffs. Viewed in this light, defendant's reliance on *Covert* is misplaced. Unlike the situation in *Covert*, the personal property of the plaintiffs in the instant case was literally lost. Not only did the plaintiff suffer pecuniary loss, it suffered physical loss when the water leaked into the ground. Since the leakage was the result of a fortuitous event, it is a risk covered by the "all-risks" provision.

A finding that the loss of the water into the ground was a "direct physical loss" does not end the inquiry. In order for the plaintiffs to prevail, they must show that the water was the type of property covered by the policy. In the "Policy Coverages" section, the policy states that it provides coverage for

> "the replacement cost of the building(s) at the premises described in the Declarations for which a limit of liability is shown, including, all while on the premises, the following:
>
> .   .   .   .   .
>
> 3. personal property of the insured used for the maintenance and service of the building, including fire extinguishing ap-

---

**1.** The parties agree that Pennsylvania law is applicable to this case.

paratus, floor coverings, and appliances for refrigerating, ventilating, cooking, dishwashing and laundering."

When the water passed through the water meter it became the personal property of the plaintiffs and was undoubtedly intended for the "service of the building." Therefore, since the water was property covered by the policy and it was directly and physically lost due to a fortuitous event, the policy insured against the loss.

Defendant, however, argues that the loss is excluded by the express provisions of the policy, which provide:

"The company shall not be liable for loss: 12. Caused by, resulting from, contributed to or aggravated by any of the following:

(d) water below the surface of the ground including that which exerts pressure on or flows, seeps or leaks through sidewalks, driveways, foundations, walls, basement or other floors, or through doors, windows or any other openings in such sidewalks, driveways, foundations, walls or floors."

In asserting that this provision excludes the plaintiffs' loss from coverage, defendant places heavy reliance on *Kozlowski v. Penn Mutual Insurance Co.*, 295 Pa.Super. 141, 441 A.2d 388 (1982). In *Kozlowski*, the insured was covered by an all risks policy which contained an exclusionary provision identical to the one in the case *sub judice*. The insured filed a claim under the policy for damage done to her house after the curb valve at the water main to the service line leading to the house of the insured's neighbor burst, releasing water which seeped into and flooded the insured's basement. 441 A.2d at 389. The court denied recovery on the grounds that the all risk policy did not cover damage resulting from water emanating from a neighbor's plumbing system. *Id.* at 391. It is the defendant's contention that "the essence of *Kolowski* [*Kozlowski*] is that water discharged from an underground water main fits within the underground water exclusion irrespective of whether it emanates from the insureds or from an outside plumbing source." [Defendant's Memorandum of Law at 7] This is an obvious misinterpretation of *Kozlowski* where the court explicitly held that "where ... the cause of the discharge, leakage or overflow of water is in the insured's own plumbing system, the exclusion does not apply; but that if the cause is *outside* that system, then the exclusion is applicable." *Id.*

In the case *sub judice*, the water was lost from the plaintiffs' plumbing system. When it passed through the water meter, the water entered the plaintiffs' system. This is demonstrated by the fact that it was the plaintiffs, not the City or a neighbor, that were forced to repair the plumbing at their own expense. The lost water is therefore, not covered by any exlcusionary provision, and since it is property covered by the policy and was subject to direct physical loss due to a fortuitous event, the plaintiff is entitled to summary judgment.