656 So.2d 600 (1995)
AZALEA, LTD., a California limited partnership, Appellant,
v.
AMERICAN STATES INSURANCE COMPANY, an Indiana corporation, Appellee.
No. 94-2147.
District Court of Appeal of Florida, First District.
June 23, 1995.
Stephen K. Moonly, James A. Bledsoe, and Cheryl A. Roberson, Jacksonville, for appellant.
H. Tyrone Tyler and Jay C. Floyd, Jacksonville, for appellee.
WOLF, Judge.
Azalea, Ltd. (insured) appeals from a final judgment entered in favor of American States Insurance Company. The issue is whether the trial court properly found that appellant was not entitled to recovery under its insurance policy because its loss does not constitute direct physical loss to the sewage treatment building. We find that the trial court properly determined that appellant was not entitled to recover the cost of renting of a replacement plant while the insured sewage treatment facility was being repaired, but incorrectly determined that there was no direct physical loss to the sewer treatment facility. Therefore, appellant's claim for recovery for the cost of repair of the sewage treatment facility was improperly rejected.
Appellant operates the Azalea Mobile Home Park in Jacksonville, Florida. The mobile home park has its own sewage treatment facility on site. After processing, the treatment facility discharges into the St. John's River.
Appellee, American Sales Insurance Company, issued a commercial property and commercial liability insurance policy for the mobile home park. The policy's General Coverage Provision states:
A. COVERAGE
We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.
The covered property in the declarations page included "Sewage Treatment Building." The covered cause of loss includes losses *601 caused by vandalism. In addition, the Loss Payment Provision in pertinent part states,
4. LOSS PAYMENT
A. In the event of loss or damage covered by this coverage form, at our option, we will either:
(1) Pay the value of lost or damaged property;
(2) Pay the cost of repairing or replacing the lost or damaged property;
(3) Take all or any part of the property at an agreed or appraised value; or
(4) Repair, rebuild or replace the property with other property of like kind and quality.[1]
On April 20, 1993, during the time the policy was in effect, an unknown substance was dumped into the on-site sewage treatment facility servicing the mobile home park. The on-site manager found that the fluid in the system had turned bright yellow-green. Appellant immediately took steps necessary to prevent discharge of the unknown pollutant into the river.
The city of Jacksonville prohibited Azalea from utilizing the sewage treatment facility until the unknown substance was determined to be nonhazardous and until the city reapproved the facility for operation. Accordingly, the sewage treatment facility was shut down. Azalea had to provide temporary waste water treatment facilities on site, and hired engineers and testing laboratory companies to determine the chemical composition of the unknown pollutant. Testing took approximately one week during which time Azalea could not operate its sewage treatment facility and had to continue making alternate arrangements. The chemical was finally determined to be of a composition which could pass through the system after treatment. During the period of testing, the chemical residue from the dumped substance adhered to the interior and caused the destruction of a bacteria colony which was part of the sewage treatment process. Azalea was required to completely drain the entire system, steam clean the entire interior of the sewage treatment plant by power steam, and by hand chiseling remove this chemical residue.
Appellant contends that the dumping of the unknown substance and the resulting damages are covered by the policy issued by American States. Azalea further asserts that tangible injury to the physical structure did, in fact, occur by virtue of the substance which adhered to the interior of the facility which had to be chiseled and steamed off. Initially, the appellee denied coverage, but then agreed to pay $10,000 of appellant's claim (its claim exceeds $46,000) pursuant to a pollution discharge provision in the policy.[2] On May 3, appellee denied coverage on the grounds that there was no direct physical loss to the sewage treatment facility.[3] The appellee further contended that the structure was not damaged and that the policy does not insure the "operation of" the sewage treatment facility. Appellants filed a declaratory judgment action. Mr. Pettigrew, general manager of Independent Utilities, the company employed by appellant to operate and service its sewage treatment facility, testified at trial that Independent Utilities performed work necessary to remedy the vandalism. This work included testing the unknown substance, supervising and monitoring the hauling and disposal of the yellow-green substance, reseeding the plant, and providing temporary replacement sewage treatment facilities necessary for the mobile park's operation. He also testified that the chemical residue damaged the facility in that the bacteria colony necessary to the facility's operation was damaged and had to be reseeded. *602 He further stated that his reseeding was necessary for the facility's operation.
The trial court found that when the policy is viewed in its entirety, the appellant's loss of use did not constitute direct physical loss. The court did not specifically rule on whether there was a direct physical loss to the structure. The trial court did, however, deny the relief requested by appellant.
Appellee's assertion that there was no actual harm to the insured premises is not supported by either the facts or the law. The only evidence presented demonstrates that the bacteria colony is an integral part of the sewage treatment facility. The colony was specifically attached to and became part of the treatment facility structure. The facility could not operate or exist unless this colony was replaced. See May v. Illinois Pollution Control Bd., 35 Ill. App.3d 930, 342 N.E.2d 784 (Ill. App.2d 1976) (stating how the bacteria colony is part of the sewage treatment process); see also Springer v. Joseph Schlitz Brewing Co., 510 F.2d 468 (4th Cir.1975) (finding that the brewery's wastes had a toxic effect on bacteria that are essential to the sewage treatment process); see also Bay Ridge Utility Dist. v. 4M Laundry, 717 S.W.2d 92, 95 (Tex. Ct. App. 1986) (finding that the high Ph level in the laundry's waste was destroying the bacteria necessary in the sewage treatment process).
In Hughes v. Potomac Ins. Co., 199 Cal. App.2d 239, 18 Cal. Rptr. 650 (Cal.Ct.App. 1962), coverage was found to exist under an insurance policy providing coverage for "all loss and to damage" to the insured's dwelling. In that case, it was argued that there was no damage to the structure where a landslide occurred depriving the subjacent and lateral support essential to the stability of the home. The court found that common sense required that the policy not be interpreted so as to deny coverage for a dwelling rendered completely useless. See also Western Fire Ins. Co. v. First Presbyterian Church, 165 Colo. 34, 437 P.2d 52 (Colo. 1968); Gatti v. Hanover Ins. Co., 601 F. Supp. 210 (E.D.Pa. 1985), affirmed, 774 F.2d 1151 (3d Cir. Pa. 1985).
In the instant case, the facts supporting coverage are even more compelling. The residue from the dumped substance actually covered and adhered to the interior of the structure causing destruction of the bacteria colony which was an integral part of the covered facility. Therefore, there was direct damage to the structure which was caused by the vandalism. Under these circumstances, the trial court erred in denying coverage for the repair costs.
Affirmed in part and reversed in part.
BOOTH and JOANOS, JJ., concur.
NOTES
[1] The funds expended by plaintiff in the hiring of temporary sewage treatment facilities is not the type of "property" covered under the foregoing "Loss Payment" provision; therefore, the trial court was correct in denying appellant's request for these expenses.
[2] Appellee now properly concedes that if there was damage to the covered facility, the pollution discharge limitation would not apply. The limitation only applies to noncovered property that may be harmed by the discharge of pollutants.
[3] While appellee also denied coverage on several other grounds, we find no merit to these other grounds, nor were any of the other grounds relied on by the trial court. We, therefore, will not discuss these other issues.