# Third District Court of Appeal

## State of Florida

Opinion filed January 18, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1310
Lower Tribunal No. 12-14183
_____

**Homeowners Choice Property & Casualty, etc.,**
Appellant,

vs.

**Miguel Maspons, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Darrin P. Gayles, Judge.

Groelle & Salmon P.A., and Robert C. Groelle and Patrick J. Carleton (West Palm Beach), for appellant.

Mintz Truppman and Timothy H. Crutchfield, for appellees.

Before EMAS and LOGUE, JJ., and SHEPHERD, Senior Judge.

SHEPHERD, Senior Judge.

This is an appeal by Homeowners Choice Property and Casualty Company from an adverse final summary judgment under a homeowners' insurance policy. The dispositive question appears to be whether the undisputed facts of this case support the judgment of the trial court that the homeowners are entitled to indemnity under the "ensuing loss" provision of a homeowners' insurance policy for the cost of tearing up and replacing a portion of the foundation or slab on which their home sits, necessary to reach and replace a sanitary drain line, the repair and replacement of which is not covered under the policy. The trial court found coverage to exist under this provision of the policy. We find the decision of the trial court was premature.

**FACTS**

The sanitary drain line in need of repair and replacement in this case is located under the kitchen floor of a home owned by Miguel and Annette Maspons in Miami-Dade County. The home was constructed in 1957 on a poured concrete slab. The sanitary drain lines for the home are located under the slab and made of cast iron pipe. No one questions that this was anything other than a usual construction material or construction method for the era.

In December 2010, the Maspons noticed their kitchen sink was draining slowly. On February 8, 2011, the Maspons hired Water Leak Detectors, which determined, through the use of underground videography, that there was a break or

2

failure in the sanitary drain line under the kitchen floor in need of repair. On March 21, 2011, a public adjuster, retained by the Maspons, reported to Homeowners Choice that the drain line under the floor of the property was "broken" and was causing the sink to drain slowly. On March 28, 2011, Homeowners Choice inspected the property. Using a similar non-destructive technology, Homeowners Choice's inspector, My Plumbing Company, found a large hole in the "bottom sweep fitting" of the sanitary drain pipe that serves the kitchen, turning it toward the hall bathroom. My Plumbing Company also found a second hole in the line, and "scale" and "detritus" in other drain lines it examined. There has never been a claim that the broken drain pipe caused any water damage to the interior of the home and, despite speculation and argument of counsel, no evidence that water seepage from the pipe has caused any damage under the slab of the house. As Ms. Maspons testified in her deposition, "I won't know what other damages there are until the broken pipe is dug up."

Based upon this state of the record, the trial court found there was no coverage under the insurance policy for the repair and replacement of the pipe, but that Homeowners Choice was responsible for the greater cost of tearing out and replacing the slab to make the repair. Homeowners Choice appeals the latter decision.

## ANALYSIS

In Florida, the insured has the burden of proving facts that bring its claim within an insurance policy's affirmative grant of coverage. <u>E. Fla. Hauling, Inc. v. Lexington Ins. Co.</u>, 913 So. 2d 673, 678 (Fla. 3d DCA 2005). In order to meet this burden under a policy of property damage insurance, the insured must prove (1) that the property harmed or damaged falls within the "insuring clause" of the policy, **and** (2) the loss claimed falls within a second, "covered perils" provision contained in each policy. <u>See</u> 10 <u>Couch on Insurance</u> § 148:2 (3d ed. 2013). The property in this case is uncontestably insured property under the Homeowners Choice insurance policy. Thus, the first prong of the coverage analysis is satisfied. It is the second coverage prong that produces the question for resolution in this case, whether the Maspons suffered a loss that also falls within the "covered perils" provision of the insurance policy. Only then might compensation be due, and then only if there is no applicable exclusion from coverage that might apply.

The "covered perils" section of the Homeowners Choice insurance policy in this case reads in pertinent part:

**SECTION 1 – PERILS INSURED AGAINST --**

**COVERAGE A – DWELLING and COVERAGE B – OTHER STRUCTURES**

We insure against risk of **direct loss** to property described in Coverages A and B only if that loss is a **physical loss** to property. We do not insure, however, for loss:

. . . .

2. Caused by:

. . . .

     e. Any of the following:

        (1) Wear and tear, marring, deterioration;

. . . .

If any of these cause water damage, **not otherwise excluded**, from a plumbing, heating, air conditioning or automatic fire protection sprinkler system or household appliance, we cover loss caused by the water including the cost of **tearing out and replacing any part of the building necessary to repair the system** or appliance. **We do not cover loss to the system or appliance from which this water escaped.**

(Emphases added.)

Any analysis must begin with the language of the insurance contract. We give the undefined words of an insurance contract their ordinary meaning, just as we would with any other type of contract. See State Farm Fire & Cas. Co. v. Castillo, 829 So. 2d 242, 244 (Fla. 3d DCA 2002) ("[T]erms utilized in an insurance policy should be given their plain and unambiguous meaning as understood by the 'man-on-the-street.'"). A "loss" is the diminution of value of something, and in this case, the 'something' is the insureds' house or personal

5

property. Loss, <u>Black's Law Dictionary</u> (10th ed. 2014). "Direct" and "physical" modify loss and impose the requirement that the damage be actual. Examining the plain language of the insurance policy in this case, it is clear that the failure of the drain pipe to perform its function constituted a "direct" and "physical" loss to the property within the meaning of the policy.[1]

However, the last paragraph of the "perils insured" provision of the insurance policy, often referred to as the "ensuing loss" provision of the policy, cautions that we not prematurely abort our inquiry. That clause provides the homeowner with coverage for an "ensuing" loss that is not specifically excluded. Thus, while the exclusion for "[w]ear and tear" or "deterioration" might mean, and in this case does mean by virtue of the Maspons' concession that Homeowners Choice is not obligated to compensate the Maspons for their corroded drain pipe, if the Maspons suffered consequential loss as a result of the corroded pipe and that consequential or "ensuing" loss is not excluded under another provision of the policy, the loss is covered. <u>See</u> <u>Liberty Mutual Fire Ins. Co. v. Martinez</u>, 157 So. 3d 486, 488 (Fla. 5th DCA 2015); <u>Murray v. State Farm Fire & Cas. Ins. Co.</u>, 219 Cal App. 3d 58, 64 (Cal. Ct. App. 1990).

Happily for us, we can quickly conclude the interpretive gymnastics in which we are engaged at this point. At the time of the summary judgment

---

[1] We pause to note that unlike some policies, this insuring clause language does not require the loss to be either "sudden" or "accidental."

6

proceeding, the slab had not been opened. There was no evidence that the water exiting the pipe had caused any damage to its surroundings. See Cheetham v. Southern Oak Ins. Co., 114 So. 3d 257 (Fla. 3d DCA 2013) (reversing a judgment for insurer where there was evidence of damage caused by water backing into the residence up through a blocked pipe). Thus, the trial court erred by entering judgment against Homeowners Choice for the cost of the repair and replacement of the slab necessary to reach the broken pipe at this time. On the other hand, it is not inconceivable that such evidence may surface in the future. For this reason, we reverse and remand this case for entry of judgment in favor of Homeowners Choice Insurance Company, but without prejudice to the Maspons' filing another claim of loss at a later date, if appropriate.

Reversed and remanded with directions.