[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-10671

_____

FIRST WATCH RESTAURANTS, INC.,

Plaintiff-Appellant,

*versus*

ZURICH AMERICAN INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cv-02374-VMC-TGW

_____

Before GRANT, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

First Watch Restaurants ("First Watch") filed the underlying action for breach of contract and a declaratory judgment that its business losses and extra expenses were covered by the policy it had with insurer Zurich American Insurance Company ("Zurich"). Specifically, First Watch alleges that it suffered the "direct physical loss of the ability to operate the insured properties," which in turn led to loss of business income and extra expenses when governors in the various states where it has restaurants issued executive orders prohibiting restaurants from offering on-site food consumption.

The parties agree that Florida law governs the interpretations of this insurance policy, and the case has been litigated with that understanding. Accordingly, we apply Florida law.

This Court recently addressed the very issue in this case: the meaning of "direct physical loss of or damage to" property in an insurance policy under Florida law. *SA Palm Beach, LLC v. Certain Underwriters at Lloyd's London*, No. 20-14812, 2022 WL 1421414 (11th Cir. May 5, 2022). Noting that there were no Florida state court cases on point, we cited the principle used by federal courts sitting in diversity jurisdiction that "presume[s] that [state] courts would adopt the majority view on a legal issue in the absence of indications to the contrary." *Id.* at *8 (quoting *Bobo v. Tenn. Valley Auth.*, 855 F.3d 1294, 1304 (11th Cir. 2017)). That majority view

is that intangible or incorporeal losses are excluded from coverage so as to "'preclude any claim against the property insurer when the insured merely suffers a detrimental economic impact unaccompanied by a distinct, demonstrable, physical alteration of the property.'" *Id.* (quoting Steven Plitt et al., 10A Couch on Insurance § 148.46 (3d ed. & Dec. 2021 update)). We also noted that every state and federal appellate court to decide the meaning of the phrase in the Covid-19 context had reached the same decision. *Id.* Because there were no indications that Florida would decide otherwise, the opinion presumes Florida would adopt the majority view. *Id.* at *9.

Next, we examined two Florida cases–*Homeowners Choice Property & Casualty v. Maspons*, 211 So. 3d 1067 (Fla. 3d DCA 2017), and *Azalea, Ltd. v. American States Insurance Co.*, 656 So. 2d 600 (Fla. 1st DCA 1995)–that support the presumption or "at the very least [are] not inconsistent with that position." *Id.* *Maspons* explained that direct physical loss required the damage be actual and *Azalea* "dealt with tangible harm to the covered property," which provided little support for the insureds' position. *Id.* at *9-10. We examined this Court's decision in *Mama Jo's, Inc. v. Sparta Ins. Co.*, 823 F.App'x 868, 879 (11th Cir. 2020), and held that its reliance on *Maspons* provided a correct statement of Florida law that a property that needed mere cleaning did not suffer a qualifying loss or damage and lost income could not be claimed without physical loss or damage. *Id.* at *10. Then we turned to the policies' "Period of Restoration" clauses, which required a suspension or

interruption of operations and covered the resulting expenses and losses until the property was repaired, rebuilt, or replaced. "Any alternative meaning of the terms 'physical loss' or 'physical damage' that does not require a material alteration of the property would render meaningless this pre-condition to coverage for business income loss." *Id.* at *11 (quoting *Uncork & Create LLC v. Cincinnati Ins. Co.*, 27 F.4th 926, 932-33 (4th Cir. 2022)).

Shortly after we issued *SA Palm Beach*, the Third District Court of Appeal of Florida issued an opinion addressing the very issue in this case and in *SA Palm Beach*: the meaning of "direct physical loss of or damage to" property. *Commodore, Inc. v. Certain Underwriters at Lloyd's London*, No. 3D21-0671, ___ So. 3d ___, 2022 WL 1481776 (Fla. 3d DCA May 11, 2022), confirmed our prediction in *SA Palm Beach* of how Florida courts would rule. The *Commodore* court rejected the insured's interpretation of loss as deprivation because it ignored the qualifying adjective physical: "because the ordinary meaning of 'physical' carries a tangible aspect, 'direct physical loss' requires some actual alteration to the insured property." *Id.* at *4.

First Watch's arguments are foreclosed by the interpretations of the phrase "direct physical loss of or damage to" in *SA Palm Beach* and in *Commodore*. Both of the provisions under which First Watch sought coverage contain that language. We reject First Watch's argument that its policy's language is distinguishable from the policy language in the several cases before this Court in *SA Palm Beach*. We readily conclude that there is no principled

21-10671              Opinion of the Court                    5

difference.  Further, although it does not have a provision labelled "Period of Restoration," it does have one that is functionally the same labelled "Period of Liability."  Because there is no coverage for the type of purely economic damages that First Watch sought under either of its cited policy provisions, we affirm the decision of the district court.

AFFIRMED.