[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11335

Non-Argument Calendar

_____

ROYAL PALM OPTICAL, INC.,

Plaintiff-Appellant,

*versus*

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY,
STATE FARM FLORIDA INSURANCE COMPANY,

Defendants-Appellees.

2                     Opinion of the Court                     21-11335

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cv-80749-AMC

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Royal Palm Optical ("Royal Palm") appeals the district court's grant of State Farm Mutual Automobile Insurance Company's motion to dismiss. On appeal, Royal Palm argues that the district court erred when it held that under Florida law, "direct physical loss" required "actual physical damage to the [Property] itself" and that Royal Palm did not allege it had suffered that type of loss.

This Court recently addressed the very issue in this case: the meaning of "direct physical loss of or damage to" property in an insurance policy under Florida law. *SA Palm Beach, LLC v. Certain Underwriters at Lloyd's London*, No. 20-14812, 2022 WL 1421414 (11th Cir. May 5, 2022). Noting that there were no Florida state court cases on point, we cited the principle used by federal courts sitting in diversity jurisdiction that "presume[s] that [state] courts would adopt the majority view on a legal issue in the absence of indications to the contrary." *Id.* at 8 (quoting *Bobo v. Tenn. Valley Auth.*, 855 F.3d 1294, 1304 (11th Cir. 2017)). That majority view is

that intangible or incorporeal losses are excluded from coverage so as to "'preclude any claim against the property insurer when the insured merely suffers a detrimental economic impact unaccompanied by a distinct, demonstrable, physical alteration of the property.'" *Id.* (quoting Steven Plitt et al., 10A Couch on Insurance § 148.46 (3d ed. & Dec. 2021 update)). We also noted that every state and federal appellate court to decide the meaning of the phrase in the Covid-19 context had reached the same decision. *Id.* Because there were no indications that Florida would decide otherwise, the opinion presumes Florida would adopt the majority view. *Id.* at 9.

Next, we examined two Florida cases–*Homeowners Choice Property & Casualty v. Maspons*, 211 So. 3d 1067 (Fla. 3d DCA 2017), and *Azalea, Ltd. v. American States Insurance Co.*, 656 So. 2d 600 (Fla. 1st DCA 1995)–that support the presumption or "at the very least [are] not inconsistent with that position." *Id.* *Maspons* explained that direct physical loss required the damage be actual and *Azalea* "dealt with tangible harm to the covered property," which provided little support for the insureds' position. *Id.* at 9-10. We examined this Court's decision in *Mama Jo's, Inc. v. Sparta Ins. Co.*, 823 F.App'x 868, 879 (11th Cir. 2020), and held that its reliance on *Maspons* provided a correct statement of Florida law that a property that needed mere cleaning did not suffer a qualifying loss or damage and lost income could not be claimed without physical loss or damage. *Id.* at 10. Then we turned to the policies' "Period of Restoration" clauses, which required a suspension or interruption of operations and covered the resulting expenses and losses

until the property was repaired, rebuilt, or replaced. "Any alternative meaning of the terms 'physical loss' or 'physical damage' that does not require a material alternation of the property would render meaningless this pre-condition to coverage for business income loss." *Id.* at 10-11 (quoting *Uncork & Create LLC v. Cincinnati Ins. Co.*, 27 F.4th 926, 932-33 (4th Cir. 2022)).

Shortly after we issued *SA Palm Beach*, the Third District Court of Appeal of Florida issued an opinion addressing the very issue in this case and in *SA Palm Beach*: the meaning of "direct physical loss of or damage to" property. *Commodore, Inc. v. Certain Underwriters at Lloyd's London*, No. 3D21-0671, ___ So. 3d ___, 2022 WL 1481776 (Fla. 3d DCA May 11, 2022), confirmed our prediction in *SA Palm Beach* of how Florida courts would rule. The *Commodore* court rejected the insured's interpretation of loss as deprivation because it ignored the qualifying adjective physical: "because the ordinary meaning of 'physical' carries a tangible aspect, 'direct physical loss' requires some actual alteration to the insured property." *Id.* at *4.

Royal Palm's arguments are foreclosed by the interpretations of the phrase "direct physical loss of or damage to" in *SA Palm Beach* and *Commodore*. Because there is no coverage for the type of purely economic damages that Royal Palm sought under its cited policy provisions, we affirm the decision of the district court.

AFFIRMED.